MINOT CURTIS BREWER *vs.* WALTER C. CURTIS, Executor of the last will and testament of Adaline H. Curtis, deceased.

1. WILLS—LAPSE :OF LEGACY—CONSTRUCTION—STATUTE.

*Rev. Code* 1915, § 3389, providing that certain legacies should not lapse on the death of a legatee, applied to the will of a person dying thereafter, although the legatee in question died prior to its enactment.

2. WILLS—CONSTRUCTION—RESTRICTION OF LEGATEE TO PARTICULAR PROVISION.

Under a will: "1. I give to my daughter ,S., the sum of $20,000. 2. I give to my grandson, M., the sum of $1,000, and in case my said daughter be not living at the time of my decease, I give to him in addition to the above sum the sum of $6,000"—the grandson was only entitled to $7,000, where the daughter predeceased the testator.

(*January* 29, 1919.)

BOYCE and RICE, J. J. sitting.

*Herbert H. Ward* (of Ward, Gray and Neary) for the plaintiff.

*Hugh M. Morris* (of Saulsbury, Morris and Rodney) for the defendant.

Superior Court for New Castle County, January Term, 1919.

ACTION OF ASSUMPSIT FOR A LEGACY, No. 83, November Term, 1918.

Action by Minot Curtis Brewer against Walter C. Curtis, executor. The parties by their respective attorneys of record waived the making and filing all pleadings, and submitted the cause to the court on an agreed statement of facts. Judgment for the plaintiff.

The following is a summary of the agreed statement of facts filed:

August thirteenth, 1908, Adaline H. Curtis made her will containing, inter alia, the two bequests set forth in the opinion of the court.

A bequest of the residuary estate was made to Walter C. Curtis, son of the testatrix.

October fifteenth, 1908, Sarah H. Brewer died, leaving as her only issue Minot Curtis Brewer, the plaintiff

March fifteenth, 1909, the General Assembly passed an anti lapsing statute—*section* 1, *c.* 223, 25 *Laws of Del. p.* 511 (*Rev. Code* 1915, § 3389)—which is quoted in the opinion of the court.

February third, 1910, the testatrix made a codicil "ratifying and confirming my said will except as herein altered." The codicil made but two alterations, viz.: A bequest of two thousand dollars to the wife of Minot C. Brewer and a bequest of five hundred dollars to the son of Minot C. Brewer. The two items of the codicil embracing these bequests are also set forth in the opinion of the court.

August twenty-third, 1917, the testatrix died.

Minot C. Brewer, the plaintiff, contended that by virtue of said act of assembly and the republication of the will of the testatrix he was entitled to the twenty thousand dollars bequeathed to his mother, Sarah H. Brewer, in addition to the bequest to him.

Walter C. Curtis, son of the testatrix, contended that he was entitled to the said bequest of twenty thousand dollars as residuary legatee.

### Argument for Plaintiff.

Considering the case upon the original will alone, and without any aid or benefit from the codicil and republication of the will, the case at bar comes within the clear words of the anti-lapsing statute.

The testatrix died after March fifteenth, 1909, the date of the approval of the statute; in her will she gave a legacy to her child, Sarah H. Brewer, who died in the lifetime of the testatrix, leaving issue in the person of her son, Minot Curtis Brewer, plaintiff, who survived the testatrix. The testatrix did not direct that the legacy given to the child of the decedent should not be good and available in favor of the surviving issue of the legatee.

That under these circumstances the plaintiff is entitled to the legacy given to his mother under principles laid down in numerous cases, some of which are as follows: *Varick v. Smith,* 69 *N. J. Eq.* 505, 61 *Atl.* 151; *Bishop v. Bishop,* 4 *Hill (N. Y.)* 138; *Dazey v. Killam,* 1 *Duvall* (62 *Ky.* )404; *Loveren v. Lamprey,* 2 *Fost.* (22 *N. H.*) 434; *Worrill v. Wright,* 25 *Ga.* 657; *Price v. Taylor and Wife,* 28 *Pa.* 95, 106, 70 *Am. Dec.* 105; *Means v. Evans,* 4 *Desaus. (S. C.)* 242, *Book* 21, *Reprint, S. C. Law,* *242; *Wynne's Lessee v. Wynne,* 2 *Swan* (32 *Tenn.*) *405, 58 *Am. Dec.* 66; *Hamilton v. Flinn,* 21 *Tex.* 713, 716; *Corr v. Porter,* 33 *Grat. (Va.)* 278; *In re Kopmeier,* 113 *Wis.* 233, 89 *N. W.* 134; *Cushing v. Aylwin,* 12 *Metc. (Mass.)* 169; *Pray v. Waterston,* 12 *Metc. (Mass.)* 262; *De Peyster v. Clendening,* 8 *Paige (N. Y.)* 295; *Doty v. Teller,* 54 *N. J. Law,* 163, 23 *Atl.* 944, 33 *Am. St. Rep.* 670; *Holme v. Shinn,* 62 *N. J. Eq.* 1, 49 *Atl.* 151.

The second item of the will should not be held or found to have rescinded or cut down or revoked the legacy given to the daughter of the decedent by the first item.

The first and second items of the will are clear, explicit, and of certain and definite meaning.

The second item does not expressly nor by any necessary implication say or mean that the six thousand dollars given to the son is in lieu of the twenty thousand dollars given to the mother.

There is nowhere in the will any language which would serve to substitute the additional six thousand dollars to Minot Curtis Brewer in lieu of the legacy of twenty thousand dollars to the testatrix's daughter.

The legacies are given to two different persons, and in the absence of some expression of the testatrix serving to clearly show her intention that the giving of one depends upon the destruction of the other, it should not be found that that was her intention.

. It seems to be thoroughly and finally settled as a rule of construction of a will that the legacy or estate given in the early part of a will cannot be revoked, rescinded or substituted by any subsequent provision of the will except by the use of language equally clear, explicit and certain as the language used in conferring the first estate or legacy. *Thornhill v. Hall*, 8 *Bligh, N. S.* 88, 5 *Eng. Rep.* 879–887, 2 *Cl. & F.* *22, 6 *Eng. Rep.* 1065–1070.

*Thornhill v. Hall* has been followed, and the rule of construction invoked has been stated in similar language, in numerous cases in this country. *Hochstedler v. Hochstedler*, 108 *Ind.* 506, 9 *N. E.* 467; *Bailey v. Sanger*, 108 *Ind.* 264, 9 *N. E.* 159; *Washbon v. Cope*, 144 *N. Y.* 287, 39 *N. E.* 388; *Roseboom v. Roseboom*, 81 *N. Y.* 356; *Collins v. Collins*, 40 *Ohio St.* 353; *Meacham v. Graham*, 98 *Tenn.* 190, 39 *S. W.* 12; *Rudolph v. Rudolph*, 207 *Ill.* 266, 69 *N. E.* 834, 99 *Am. St. Rep.* 211.

Without invoking the operation of the codicil, the statute passed subsequent to the making of the will, and before the death of the testatrix, applies to and determines the operation and effect of the will in question, and carries over the legacy to the plaintiff's mother to the plaintiff as her lineal descendant.

The codicil effectuates the same result even more certainly and clearly.

The testator had made her original will in August, 1908, and had therein given the legacy to her daughter of twenty thousand dollars.

Almost exactly two months after the original will was made the daughter died on the fifteenth day of October, A. D. 1908.

Sixteen months after the date of the death of her daughter, and eighteen months after the date of her original will, the testatrix made and executed a codicil to her will. In this codicil the testatrix refers to her will by its date, and expressly republishes ratifies and confirms the same.

In her codicil there is no reference whatsoever to the legacy given her daughter, and the provision for her daughter remains entirely unaffected and unaltered by anything in the codicil.

The words of her codicil go even further than the legal effect of a republication, inasmuch as she expressly ratifies and confirms everything in her original will except as expressly altered in the codicil.

Ten months and eighteen days before the testatrix made her codicil, the Legislature had passed the anti-lapsing statute. The testatrix may be conclusively presumed to have known the law relating to the lapsing of legacies as it existed at the time of her codicil. She, therefore, with a full knowledge that the legacy to her daughter would not and could not lapse, in case Minot Curtis Brewer, the son of the legatee, survived the testatrix, expressly ratified and confirmed the provision for her daughter in the first item of her will.

There, therefore, seems to be no reasonable ground for any argument against the claim of Minot Crutis Brewer to the benefit of the legacy given his mother, unless the testatrix has, in the language of the statute, directed otherwise.

It is submitted that in the case at bar the testatrix has not exercised her "right to direct otherwise."

Knowing at the time she made her codicil that the legacy to her daughter had not lapsed, in view of the anti-lapsing statute then in operation, and having an opportunity in her codicil to make a direction in the premises, the testatrix made no such direction.

Not only did the testatrix make no direction otherwise in her codicil, but on the contrary, she expressly ratified and confirmed the legacy to her daughter by her codicil.

It is respectfully submitted that the court should render a judgment in favor of the plaintiff for twenty-seven thousand dollars.

### Argument for Defendant.

The fundamental rule in the construction of wills is that the intention of the testator, if legal, must control. 29 *A. & E. Enc. of Law* (1st Ed.) 336; *In re Reed's Estate*, 7 *Pennewill*, 30, 38, 76

*Atl.* 617; *jacobs v. Wilmington Trust Co.*, 9 *Del. Ch.* 400; 80 *Atl.* 346–348.

The actual intent of the testatrix that Minot Curtis Brewer should take only six thousand dollars in addition to his absolute legacy of one thousand dollars, in case the said Sarah H. Brewer be not living at the time of decease of testatrix, is manifest.

The testatrix, by her will, disclosed in express words her intent as to the amount the said Minot Curtis Brewer should receive from her estate in the event that the said Sarah H. Brewer should die in the lifetime of the testatrix.

This intent is clear without transposition of the language of the will or interpolating additional words as may be done. *Cooper v. Cooper*, 7 *Houst.* 488, 511, 512, 31 *Atl.* 1043; 40 *Cyc.* 1399.

The effect that the death of Sarah H. Brewer is intended by the testatrix to have upon the portion of her estate to be received by Minot Curtis Brewer is expressed by her and such intention is therefore not left to inference or implication.

Where the testatrix's intention is plainly expressed in the will the court cannot deduce from the surrounding circumstances an intention differing therefrom. 40 *Cyc.* 1393.

The codicil to the will makes no change in the actual intent of the testatrix touching the bequest to Minot Curtis Brewer in the event of the death of Sarah H. Brewer in the lifetime of testatrix, for it expressly ratifies and confirms the will except as altered by the codicil and no alteration is made by the codicil in the sum given to Minot Curtis Brewer by the will in the event of the death of his mother prior to the testatrix.

The intent of the testatrix that Minot Curtis Brewer should take only six thousand dollars in addition to his absolute legacy of one thousand dollars in case the said Sarah H. Brewer be not living at the time of decease of testatrix, is legal.

"It has been established from the earliest periods both in ecclesiastical courts and in equity that unless the legatee survive the testator the legacy is extinguished". *Williams on Executors* (6 *Amer. Ed.*) *1204; *Cooch v. Clark*, 8 *Del. Ch.* 299, 68 *Atl.* 247.

The actual intention of the testatrix is not inconsistent with common law.

It is likewise not in conflict with the statute of 1909.

The codicil made after the passage of the statute did not declare a new legal intention for the testatrix touching her gifts to Minot Curtis Brewer, for the general rule that a codicil brings down the will to the date of the codicil—making the will speak as of that date—is subject to the limitation that such republication does not revive a bequest which has lapsed by the death of a legatee. 40 *Cyc.* 1216; *Jarman on Wills, Volume* 1, *200; 29 *A. & E. Enc. of Law* (*1st Ed.*) 334; *Doe v. Kett*, 4 *T. R.* 601–603; *Powys v. Mansfield*, 2 *Mi. & Cr.* 359–375; *Drinkwater v. Falconer*, 2 *Ves. Sr.* 622–626; *Booker v. Allen*, 2 *Russ. & Mylne*, 270–300; *Langdon v. Astor's Executors*, 16 *N. Y.* 9–37; *Mountcashell v. Smyth*, 1 *Ir.* 346–360; *Gibbons et al. v. Ward*, 115 *Ark.* 184, 171 *S. W.* 90; *Theobald on Wills*, 601; *Underhill on the Law of Wills*, § 453.

The codicil did not declare a new legal intention for the testatrix touching her gifts to Minot Curtis Brewer. As the bequest to Sarah H. Brewer lapsed upon her death and as this lapsed legacy was not revived by the codicil, the codicil does not bring the bequest to Sarah H. Brewer within the grasp of the act of 1909.

But such a statute does not apply where the primary legatee died before it was passed or took effect. 40 *Cyc.* 1939; 18 *A. & E. Enc. of Law* (*2nd Ed.*) 757; *Jarman on Wills, Volume* 1, *353; *Reichle v. Steitz et al.*, 64 *N. J. Eq.* 789, 56 *Atl.* 741; *Murphy v. McKeon*, 53 *N. J. Eq.* 406, 32 *Atl.* 374; *Wilde v. Reynolds*, 5 *Notes of Cases*, 1; *Winter v. Winter*, 5 *Hare*, 306, 26 *Eng. Ch.* 306, 67 *Eng. Rep.* 929; *Smith v. Clemson*, 6 *Houst.* 171.

The legacy being gone at the time of the passage of the act it was not revived by it. 36 *Cyc.* 1205.

Even if the statute did apply it saves to "every testator the right to direct otherwise."

The testatrix did by her will "direct otherwise."

Statutes against lapse are not statutes of construction and do not and were not intended to have any bearing upon the interpretation of wills. The will must be first construed and the intent found before the statue may be applied. *Harrison's Estate*,

202 *Pa.* 331, 51 *Atl.* 976; *Galloway v. Babb,* 77 *N. H.* 259, 90 *Atl.* 968; *Campbell v. Clark,* 64 *N. H.* 328, 10 *Atl.* 702.

A mere inspection of the will discloses that the testatrix intended to give to her grandson, Minot Curtis Brewer, seven thousand dollars in the event of the decease of his mother in the lifetime of the testatrix. The statute, in such event, likewise gives to the said Minot Curtis Brewer twenty thousand dollars. The testatrix provided otherwise than the statute provides. Under the very words of the statute the provision made by the testatrix prevails. *Vogel et al. v. Turnt,* 110 *Md.* 192, 72 *Atl.* 661, 662.

Direction may be given in a will by implication as certainly as by explicit instructions. *Calder v. Curry,* 17 *R. I.* 610–615, 24 *Atl.* 103–105.

The intent of the testatrix that Minot Curtis Brewer should take only six thousand dollars in addition to his absolute legacy of one thousand dollars in case the said Sarah H. Brewer should not be living at the time of the decease of testatrix is therefore not in conflict with any rule or maxim of law, from which it follows that the actual intent of the testatrix to that effect prevails and the plaintiff is not entitled to the sum of twenty thousand dollars.

Judgment should be entered in favor of the plaintiff for seven thousand dollars and costs under the terms of the case stated.

Counsel for plaintiff contended in reply:

That it has been held, construing the particular language of a particular statute, that the particular act under discussion did not apply in the case then before the court, where the primary legatee had died prior to the passage of the act; but it was so held, not because there was any peculiar effect in the death of the primary legatee, but solely and simply because the language of the act fixed the death of the primary legatee in that particular instance as the time when the statute took effect.

That in every case under discussion the court has given the statute the widest interpretation possible under the language of the act; and, in the cases on which the defendant relies, the court

picked out the death of the primary legatee as the date when the act went into operation merely because in that particular case it was the date which would give the widest application to the act.

That the language of the Delaware statute is radically different from the English act or the acts of the state of New Jersey and of the state of Pennsylvania, relied upon by the defendant.

That an examination discloses the fact that the text of 40 *Cyc.* 1939, is supported by two cases from New Jersey, construing the New Jersey statute, and one English case, construing the English statute.

Mr. Jarman in his work on Wills, *Vol.* 1, *353, does not attempt to lay down any general rule, but refers specifically to *section* 33 of the English statute. So far as the language of the English statute is concerned, there can be no question that it would not have applied in the case at bar.

In *Reichle v. Steitz*, 64 *N. J. Eq.* 789, 56 *Atl.* 741, following *Murphy v. McKeon*, 53 *N. J. Eq.* 406, 32 *Atl.* 374, the same question was not before the New Jersey court as is before this court, because of the difference in the language of the statutes.

The court, faced with the necessity of giving some effect to the words "shall die," held that they referred to the death of the legatee and not to the making of the will.

The court felt compelled by the language of the act to say that the only limitation on the application of the act was that the primary legatee should be alive at the date of the passage of the act, because of the words of the statute, "whenever any estate shall or may be devised to a brother who shall die."

The Delaware statute, in order to cover all cases, used entirely different language, so that the court could give it a wide construction.

The Delaware act approaches the problem from the side of the interpretation and effect to be given to a testator's will, and provides for the construction to be given to the will of "any testator dying after the approval of this act."

Presumably the lawmakers, having in mind the necessity of providing a complete remedy, provided for the interpretation that

the courts should place upon all wills where the testator died after the passage of the act.

The same remarks are applicable to the English cases as were applicable to the New Jersey cases.

The significant part of the English decision is that the court placed the construction upon the words which referred to the primary legatee, to wit, "shall die," attempting, however, and expressly stating that it was the duty and object of the court, to extend this act fas ar as possible to accomplish the purpose which it was intended to accomplish.

Not one single decision quoted by the defendant is based upon the theory suggested by the defendant, that the statute is only intended to prevent a lapse in a legacy that was valid at the time the act was passed, but had no effect to revive a legacy that was void and had been practically read out of the will before the act was passed. In fact this theory was expressly repudiated in the decisions and in the New Jersey case.

The case of *Smith v. Clemson*, 6 *Houst.* 171, is not a question of lapsing of a legacy but the question of the right of a married woman to make a will.

It must be borne in mind that every single one of the cases, cited by defendant on this subject, have turned upon the language of the act under consideration, and the courts have leaned toward the construction which gave the act the widest application.

The case of *Martindale v. Warner*, 15 *Pa.* 471, admitted freely the right of the Legislature to pass an act which would apply to wills made before the date of the act, but held, in view of the language that it only applied to wills made after the date of the passage of the act, because it said, "No devise or legacy hereafter made."

The field intended to be covered by the statute is clearly the entire time preceding the date of the death of the testator, not only before, but after the making of the will. Not only does the statute intend to save what might possibly be styled live legacies, but also legacies which were void from their creation, by the making of the will of the testator, by reason of the death of the legatee before the will was made. *Nutter v. Vickery.* 64 *Me.*

490; *Barnes v. Huson,* 60 *Barb.* (*N. Y.*) 598; *Minter's Appeal,* 40 *Pa.* 111; *Wildberger v. Cheek's Executors,* 94 *Va.* 519, 27 *S. E.* 441.

As to the suggestion that the republication of the will after the date of the statute did not serve to revive a bequest which had lapsed by the death of the legatee, our reply is:

(a) The plaintiff does not rely merely upon the fact of republication, but upon the express direction and provision in the codicil of the testatrix "hereby ratifiying and confirming my said will except as herein altered," whereby the testatrix expressly affirmed the provisions in controversy in this suit.

(b) That at the time the testatrix made her codicil the statute was in full operation under which the legacy to Mrs. Brewer was not a dead but a living legacy, the statute having already affected it; therefore, even if there had not been words of ratification and confirmation in the codicil, the full operation of a republication could have taken effect upon a legacy which, under the statute, had not lapsed. The court is expressly directed by the statute not to consider a legacy like the one in dispute as lapsed or void, the words of the statute being "that no devise or legacy   *   *   *   shall be deemed or held to lapse or become void."

(c) Upon the authorities the statute in question renders the argument of the plaintiff complete and conclusive without reliance upon the republication and ratification of the original will by the codicil.

The argument of counsel for the defendant as to the intent of the testatrix must be held and considered futile in the face of the clear and positive language of the Delaware statute.

The statute in question imposes on legacies which would otherwise be void, or which would otherwise lapse, an operation under which lineal descendants of legatees or devisees shall have the benefit thereof. The matter before the court simply involves the construction and application of a statute to the will of a decedent. This point is suggested without in any respect abandoning the position of the plaintiff that the testatrix knew of the

operation of the statute upon the legacy of Mrs. Brewer, and actually intended that the statute should apply to such legacy.

The contention that the giving of the legacies to Minot Curtis Brewer is such an indication of the intent of the testatrix that he should have so much and no more, and that it amounted to an express direction that the anti-lapsing statute should not operate on the legacy to Mrs. Brewer, is entirely too broad; for the reason that the giving of such legacy cannot reasonably be construed as any evidence whatsoever of an intent to debar plaintiff from the benefits of the anti-lapsing statute.

The phrase "to direct otherwise" should not be interpreted by the court as being the equivalent merely of an intimation, or implication, or of a possibility or even a probability of a testator's intention, that the anti-lapsing statute should not operate in a particular case. Such an interpretation and application of the statute would nullify its efficacy and value, and send the court, in each case that shall come before it, on a hunt through the will for some possible or probable inconsistency therein with an intent that the statute should be operative. The statute is a remedial one, and, as frequently observed by the courts, should be liberally construed and applied to effect its intent.

The testatrix, at the time she made her codicil, subsequent to the passage of the statute, had a full opportunity to exercise her right and desire, if she had such a desire, to direct that the statute should not apply, she did no such thing, but on the contrary reaffirmed her legacy to Mrs. Brewer.

In reply, counsel for the defendant contended that the statute does not apply because the legacy had lapsed before the enactment thereof.

The statute does not make wills but operates only upon them. The legacy in question lapsed prior to the passage of the act. A lapsed legacy is an extinguished legacy (*Williams on Executors* [6th Am. Ed.] *1204) and is no part of the will itself after such lapse (*Underhill on Wills*, § 453).

The ratio decidendi of the cases cited by us in not restricted to the narrow ground suggested by the plaintiff; particularly is this true of *Wild v. Reynolds*, 5 *Notes of Cases*, 1; *Martindale v.*

*Warner*, 15 *Pa.* 471; *Reichle v. Steitz et al.*, 64 *N. J. Eq.* 789, 56 *Atl.* 741. There is as much futurity in the words "shall leave issue" and other similar phrases in the Delaware act as there is in the words "shall die" of the acts construed in the cases cited.

Plaintiff contends that the act of 1909 operated upon legacies void at common law. No void legacy is involved in this controversy. When at the death of Mrs. Brewer the legacy to her lapsed, there was no legacy left either void or otherwise, and consequently there was nothing in existence at the time of the passage of the statute on which the statute could operate.

The statute does not apply in any event where the testatrix "directs otherwise"; i. e., discloses an intent to the contrary. This Mrs. Curtis did (1) in expressly providing what share of her whole estate Minot Curtis Brewer, the issue of her daughter and legatee, should take upon the death of said daughter and legatee in the lifetime of the testatrix; (2) by her codicil after the death of her daughter. Realizing that the said Minot Curtis Brewer would receive under her will only seven thousand dollars, she gave additional bequests to his family by her codicil which bequests are inconsistent with an intent that the said Minot Curtis Brewer should take the sum of twenty-seven thousand dollars from her estate.

In brief it is submitted that the point in this case which determines the judgment of the court is the intent of the testatrix. That intent the testatrix did not leave to inference or construction but was expressly stated by her thus:

"In case my said daughter be not living at the time of my decease I give him in addition to the above legacy the sum of six thousand dollars."

BOYCE, J., delivering the opinion of the court:

This is a case stated in assumpsit for a legacy. The question is whether the plaintiff, Minot C. Brewer, is entitled to the sum of twenty-seven thousand dollars or the sum of seven thousand dollars under the will of his grandmother, Adaline H. Curtis, lately of White Clay Creek Hundred, who departed this life, August the twenty-third, 1917, possessed of an estate of personal

property amounting to fifty-five thousand one hundred and thirty-five dollars and fifty-nine cents.

The deceased left as her next of kin the plaintiff, who is the surviving child of Sarah H. Brewer, now deceased, a daughter of the said Adaline H. Curtis, and a son, Walter C. Curtis, who as the executor of the last will and testament of the said Adaline H. Curtis is the defendant in this action. The facts are as follows:

Adaline H. Curtis made her original will, under date of August thirteenth, 1908, wherein and whereby she provided inter alia:

"1. I give to my daughter, Sarah H. Brewer, wife of Allyn Brewer, the sum of twenty thousand dollars ($20,000).

"2. I give to my grandson, Minot Curtis Brewer, the sum of one thousand dollars ($1,000), and in case my said daughter be not living at the time of my decease, I give to him in addition to the above legacy the sum of six thousand dollars ($6,000)."

The said Sarah H. Brewer, legatee in the first item of the will, died October fifteenth, 1908, leaving as her issue, Minot Curtis Brewer, the plaintiff.

At the time of the decease of the said Sarah H. Brewer there was in this state no statute to prevent the lapsing of such a legacy as that bequeathed in the first item of the said will, but by an act, approved March fifteenth, 1909, entitled, "An act to prevent the lapsing of certain devises, and legacies," it was provided:

"Section 1. That no devise or legacy in favor of a child or other lineal descendant of any testator dying after the approval of this act, shall be deemed or held to lapse or become void, by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, saving always to every testator, the right to direct otherwise. * * * " Rev. Code 1915, § 3389.

On February third, 1910, the said Adaline H. Curtis made a codicil to her said will, ratifying and confirming the same, but making the following additional bequests:

"First. I give to Alice V. Brewer, wife of my grandson Minot C. Brewer, the sum of two thousand dollars.

"Second. I give to Walter C. Brewer, my great grandson, the son of the said Minot C. Brewer, the sum of five hundred dollars."

For the plaintiff it is contended that the case at bar comes within the anti-lapsing statute, and that plaintiff is entitled not only to the seven thousand dollars bequeathed to him by the second item of the will, but also to the sum of twenty thousand dollars bequeathed to his mother by the first item of the will. This contention is based: First, upon the original will alone without any aid or benefit from the codicil and republication of the will; and, second, it is argued that the codicil effectuates the same result. For the defendant it is contended that it is the manifest intention of the testatrix that the plaintiff should take only six thousand dollars in addition to his absolute legacy of one thousand dollars.

[1, 2] We think it true that the object of the act of March fifteenth, 1909, was to regulate the construction of wills, and that the will of the testatrix, not taking effect until her death, must come under the influence of the act. But at the same time we are of the opinion that the testatrix has expressly directed what amount of her property the plaintiff should receive in case her daughter should be not living at the time of her decease. The words of the testatrix in the second item of her will are sufficient to preclude the construction contended for by the plaintiff. The testatrix expressly says:

"In case my said daughter be not living at the time of my decease, I give to him" (the plaintiff) "*in addition to the above legacy* the sum of six thousand dollars."

The very words "in addition to the above legacy" limit the bequest as clearly as if the testatrix had expressly directed that the legacy of her daughter, Sarah H. Brewer, should lapse. The testatrix contemplated the possible death of her daughter and made express provision therefor. Her codicil in no way changed this express provision. And it may be assumed that she did not revoke the bequest to her daughter because she had already made definite provision in case her daughter should not be living at the time of her decease.

It is the opinion of the court, under the law and facts of this case that the plaintiff, Minot Curtis Brewer, is not entitled to

have paid to him the said sum of twenty thousand dollars, given and bequeathed in said last will and testament to the said Sarah H. Brewer, but that he is entitled to be paid by the defendant. Walter C. Curtis, executor of the said last will and testament, the sum of seven thousand dollars. Judgment is accordingly entered in favor of the plaintiff, and against the defendant for the said sum of seven thousand dollars and for the costs of this suit.