JAMES W. LAMBERT *et al.*

*v.*

CATHARINE S. HARVEY *et al.*

*Filed at Springfield September 30, 1881.*

1.   WILL—*devise—when to take effect.* Where a testator directed that as
soon as could advantageously be done after the death of his widow, all his
notes, etc., be collected, and all his property, real and personal, be sold, and
after paying the expenses of executing the will, his daughter A should be
paid $1000, and the remainder of his estate be given to his daughter B, if
living when the will should be executed, but if not living, her part to be
given her daughter C, and appointed B his executrix: *Held,* that the dis-
position made by the will was not to take effect until after the death of the
widow of the testator, and then the division was to be with reference to the
condition of things as at that time existing.

2.   Where a will provided for the conversion of all the testator's property
into money on the death of his widow, and its division among his two
daughters, but directed that if his daughter B should not be living "at the
time this will shall be executed," her share should be given to *her* daughter:
*Held,* that the words, "at the time this will shall be executed," referred to
the time of converting the estate into money and distributing it under the
will.

3.   SAME—*when property descends to heir.* Where real estate is directed
by a testator to be sold and converted into money after the happening of a
certain contingency, and no disposition is made of such estate in the mean-

time, the legal title will devolve upon the heirs at law of the testator, subject to sale under the power, at the proper time.

4. SAME—*whether executor takes legal title.* Where the executor of a will is directed to sell the testator's real estate and divide the proceeds of the sale between certain devisees, the executor takes only a power of sale, that being all that is necessary to execute the will, and no legal estate in the land.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding.

Mr. WILLIAM A. GRIMSHAW, for the plaintiffs in error:

On the construction of the will, see *Kirkland* v. *Cox et al.* 94 Ill. 400. As to the power of an executor, 2 Redfield on Wills, 124.

It seems obvious that the fee was not passed by the will to either or both of the plaintiffs, in their own right. By intendment of law, Catharine S. Harvey was charged with the powers and duties of a trustee, for the uses and purposes of the will. Is it not necessary she should take the fee to execute the trust? If so, no recovery could be had by her co-plaintiff.

Mr. WILLIAM R. ARCHER, and Mr. THOMAS WORTHINGTON, Jr., for the defendants in error:

The plaintiffs in the court below claim the title to the land as heirs at law of Silas E. Shepherd, and not by virtue of his will.

It is in evidence that the testator's widow is still living, and that the will has not been executed, nor the $1000 paid to Alma W. Kingsley. Hence, the devise to Mrs. Harvey is an executory devise, which is to take effect after the happening of all the contingencies mentioned in item 7; and as no disposition is made of the fee in the meantime, it is left to descend to the testator's heirs at law. 1 Jarman on Wills, 660, 661, 643; 2 Washburne on Real Prop. 684; 2 Blackstone's Com. 173; 4 Kent's Com. 268; Redfield on Wills,

656, 658; *Miller* v. *Chittenden*, 4 Iowa, 252; *Chambers* v. *Wilson*, 2 Watts, 495; *Morton* v. *French*, 6 Pa. St. 484.

The authorities fully recognize this distinction,—that a devise of the land to executors to sell, passes the fee in it, but a devise that executors shall sell the land, or that lands be sold by executors, gives them but a power which will not affect the descent of the fee. 1 Williams on Exrs. 450; Sugden on Powers, 147, 150; 2 Redfield on Wills, 123; Powell on Devises, 143; *Jackson* v. *Schauber*, 7 Cow. 187; *Bergen* v. *Bennett*, 1 Caines' Cases, 15; *Clinefelter* v. *Ayres*, 16 Ill. 330; Rev. Stat. 1874, p. 419, sec. 12.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Catharine S. Harvey and Alma W. Kingsley, defendants in error, obtained a judgment in an action of ejectment in the Pike county circuit court, at its April term, 1880, against James W. Lambert and James Sharp, the plaintiffs in error, for the recovery of certain real estate in said county, to reverse which the present writ of error is prosecuted.

Defendants in error deraign title to the land in controversy through their father, Silas E. Shepherd, who died seized of the premises on the 12th day of October, 1877, leaving a widow, and defendants in error, his only children and heirs at law. It is claimed by plaintiffs in error, that under the will of the said Silas E. Shepherd, Catharine S. Harvey alone acquired the legal title to the premises in controversy, and hence there was no right of recovery in the names of both defendants in error, and this really is the only question presented by the record which we regard of sufficient importance to consider,—indeed, it may be said that it is the only question about which there is any just ground for controversy.

The provisions of the will relied on for showing title in. Mrs. Harvey alone, are as follows, to-wit:

"Item 7. As soon after the death of my said wife as it may conveniently and advantageously be done, I direct that

all accounts, notes, bonds and judgments be collected, and all property, both *real* and personal and mixed, be sold, and after defraying the expenses of executing this will, I direct that my daughter Alma W. Kingsley be paid $1000, and that the remainder of my entire estate shall be given to my daughter Catharine S. Harvey, aforesaid.

"Item 8. If my daughter Catharine shall not be living at the time this will shall be *executed*, I direct that which is herein bequeathed to her shall be given to her daughter, Alma Harvey."

Her appointment as executrix, and these two items of the will, furnish the only grounds for the position that she took the exclusive legal title to the land in controversy.

The testator obviously intended that the disposition of his estate made by the will should not take effect until after the death of his wife,—or, in other words, it was his intention that no division of the estate should take place until after her death, and that when that event occurred such division was to be made with reference to the condition of things then existing, and not with reference to the condition of things at the time of the testator's death. Whether Mrs. Harvey was to ultimately take any beneficial interest under the will, depended upon the contingency of her outliving the widow; for if the widow survived her, the daughter of Mrs. Harvey was to take under the will what her mother would otherwise have taken had she survived the widow. That the rights of the parties, so far as Mrs. Harvey and her daughter are concerned, were to be determined by the condition of things at the time of the widow's death, clearly appears from the 8th item of the will above cited. The testator declares, that "if my daughter Catharine shall not be living 'at the time this will shall be *executed*, I direct that which is herein bequeathed to her shall be given to her daughter, Alma Harvey." By the expression "at the time this will shall be executed," the testator evidently refers to the time of converting the

estate into money and distributing it under the will, which could not be done until after the widow's death, and whether Mrs. Harvey or her daughter would take at this time, depended entirely upon the contingency already stated.

The will does not, specifically or by necessary implication, give the land of the testator, or any portion of it, to either of the daughters, and hence the legal title devolved by descent on both of them as tenants in common, and the suit was therefore properly brought in both their names.

It is suggested, however, that inasmuch as the will directs the executrix to sell and convert the real estate into money, Mrs. Harvey, by implication, took the fee. We do not think so. It is true there is a class of cases where executors are held to take the legal estate, by implication. This occurs where they are required to perform certain duties with respect to realty which can only be performed by one clothed with the legal title. But there is no just ground for such a construction in the present case. A mere power to sell is all that was necessary in this case to carry into effect the objects of the will, and such a power only was conferred.

*Judgment affirmed.*