Jonathan R. McDole v. S. E. Shepardson, as Executor of the Last Will and Testament of Rodney McDole, Deceased.

1. FORCIBLE DETAINER—*By an Executor Under a Will.*—Where a testator directed that certain lands be sold by his executor "within five or six years after my death, as in his judgment he may deem best," and that the same and the personal property thereon be rented by said executor until the said land was sold, *it was held* that the executor had a power coupled with an interest in the land to such an extent as to authorize him to maintain a suit of forcible detainer for the possession.

**Memorandum.**—Forcible detainer. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

A. C. LITTLE and R. G. MONTONY, attorneys for the appellant.

HOPKINS, ALDRICH & THATCHER, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action of forcible detainer by appellee for a farm owned in his lifetime by Rodney McDole, deceased, of which appellee was executor.

The appellant was the son of the deceased McDole and took possession in his father's lifetime. The will had the following clause, under which appellant claims the right of recovery and under which he recovered in the court below, to wit:

" I will and direct that my home farm, now used by me as a home farm, situated in the township of Sugar Grove, County of Kane and State of Illinois, be sold by my executor within five or six years after my death, as in his judgment he may deem best, and that the proceeds from such sale of my said farm be divided equally between my daughters," etc. Here follows a direction as to the distribution, etc., and then provides: " I will and direct that my said home farm shall be rented by my executor until it is sold, and that the personal property on said farm shall be rented with it until the farm is sold."

The appellee showed the will and its probate, and by a certain bill in equity, filed by appellant after the death of the testator, against the heirs, it is alleged that he took possession of the land under his father and claimed verbal sale, but was defeated in the suit.

It shows, however, that he took possession under the testator and the will shows title and right of possession in appellee, by implication at least. This connected the appellee with the title and possession of deceased, and gave him the right to sue as his successor.

The main point made by the appellant is that the power in the will to sell the land and rent it, gave no title in the

property with an interest, and gave appellee only the naked power to sell and rent, but not to take or recover possession, and hence the heirs alone could sue.

The law on this question is in some confusion as passed on by our Supreme Court. The case of Lambert et al. v. Harbey, 100 Ill. 338, cited in appellant's reply brief, seems to support his contention; but the later case of Ebby v. Adams et al., 135 Ill. 80, holds to the opposite doctrine. The last case cited is very much in point on the similarity of facts to the case under consideration, and cites several cases decided by our Supreme Court to the same effect, but fails to refer to the case in 100 Illinois reports cited above. The court says in the Ebby case above cited : " There was no devise of the land or of any interest in land either to the children or grandchildren of the testator. Land devised to be sold and the proceeds distributed, is a devise of the proceeds and not of the land." * * * This conclusion is not at all affected, as seems to be supposed by counsel, by the fact that the legal estate is not in terms devised to the executor. It can make no difference whether it be held to be devised by implication to the executor as necessary to enable him to execute the trust, and was left by the will to descend to the heirs at law. The general principle applicable to the execution of trusts of this character is, that the trustee shall take that quantity of the interest which the purpose of the trust requires. If the fee is required, the fee will be taken, etc.

To the same effect we cite Franklin v. Osgood, 14 Johns. (N. Y.) 554. It holds : " If the other provisions of the will evince a design in the testator that at all events the lands are to be sold in order to satisfy the whole intent of the will, then this is not a mere naked power, but one coupled with other interests and duties."

It seems from the will in this case, the land was required to be sold at all events and the money distributed in equal parts, and the personal property on the farm must be rented, which would require the executor to go on the farm to look after it.

We think on the whole that the appellee had a power

coupled with an interest in the land to such an extent as to authorize him to maintain this suit of forcible entry and detainer for possession.

The court committed no error in allowing the patents to the land to be introduced in evidence; while probably not really necessary it could do no harm.

The judgment of the court below is affirmed.