*In re* LAMB'S ESTATE.

WILLS—CONSTRUCTION—CONDITIONAL DEVISE.
  Under a will devising testatrix's property to her brothers and
  sisters, share and share alike, but providing that, in case of the
  death of any legatee "previous to the probating or execution"
  of the will, his share should go to his children, the children,
  and not the assignee, of a deceased legatee are entitled to his
  share, where his death occurred after the probate of the will,
  but prior to its execution by settlement of the estate.

*Certiorari* to Van Buren; Smith, J. Submitted October 6, 1899. Decided December 12, 1899.

Petition in probate court by James H. Hall, executor of the last will and testament of Catherine Lamb, deceased, for a construction of the will. Annetta Tillou, one of the children of Carlton Ray, deceased, a legatee under the will, appealed to the circuit court, and from a judgment in her favor the executor brings *certiorari*. Affirmed.

Catherine Lamb died testate. Her will provided as follows:

"I give and bequeath to Benjamin Ray, Carlton Ray, Samuel Ray, Nancy Sumner, Marilla Smith, Julia Hopkins, Mary Carnes, Jane Hoffman, and Lovina Taylor (all of whom are my brothers and sisters) all the real estate and personal estate of which I may be possessed at the time of my decease, to be equally divided between them, share and share alike. But in case of the death of any of the above-named legatees *previous to the probating or execution* of this, my last will and testament, then I desire, will, and bequeath that the share of such deceased brother or sister shall revert to, and become the property of, the children of said deceased legatee; but, if said deceased legatee has no children living at the time of my decease, then the said deceased legatee's share of property bequeathed to him or her by the terms of this will shall revert to, and become. a part of, the general fund to be divided among the surviving legatees named in this will and testament."

She died April 3, 1898. Her will was admitted to probate, and letters testamentary were granted to defendant, June 13, 1898. Carlton Ray died December 18, 1898, before the distribution of the estate. Prior to the probating of the will, Mr. Ray assigned to his wife all his interest as devisee and legatee under the will. He left two children. January 21, 1899, the executor filed a petition in the probate court praying a construction of the will. From the decision of the probate court an appeal was taken to the circuit court, and judgment entered holding that Mr. Ray's share did not pass by his assignment to his wife, and that it passed to his children, since he died before the estate was finally administered and settled.

*A. J. Mills*, for appellant.

*B. F. Heckert*, for appellee.

GRANT, C. J. (*after stating the facts*). The decision depends upon the construction to be placed upon this clause of the will:

"But in case of the death of any of the above-named legatees previous to the probating or execution of this, my last will and testament, then I desire, will, and bequeath that the share of such deceased brother or sister shall revert to, and become the property of, the children of said deceased legatee."

Manifestly, the term "execution" does not apply to the act of signing and publishing her will. It refers to something to be done after her decease. Certain cardinal rules must be kept in mind. The intention of the testator must be determined from the four corners of the instrument. *Bailey* v. *Bailey*, 25 Mich. 185, 188; *Fraser* v. *Chene*, 2 Mich. 81, 88. Wills must be construed so that the distribution will conform as nearly to the general rule of inheritance as the language will permit. *Rivenett* v. *Bourquin*, 53 Mich. 10, and authorities cited. Words must be given their ordinary significance, and testators must be held to have meant something by the words used, unless the contrary clearly appears. To probate a will is not to execute it. To probate involves only a determination that the will was duly signed and published, and that the testator was competent to make it. It simply establishes the validity of the will. Its execution comes after its probate. The executor has no control over the estate until the probate of the will. The executor is the person appointed to "carry the will into effect or execution after his decease, and to dispose of his property according to the tenor of the will." 1 Burrill, Law Dict. 584. Counsel concedes that Mr. Ray took a conditional estate,— the condition being that he live until the proof or probate of the will. This construction would eliminate from the will the words "or execution," as it would leave them no office to perform. We cannot hold that the testatrix used the word "execution" as synonymous with "probating." Persons of common intelligence know what it is to probate a will. We think it manifest that the intention was to devise her property to her brothers and sisters, and to their children in case of their death before her will was

executed. The term "execution" was, in our judgment, used with reference to the act of the executor in executing the will by settlement of the estate under the provisions of law for the settlement of estates of deceased persons, and distributing the property to her legatees. At her death ·Mr. Ray received an estate upon the sole condition that he live until the will was executed, and the property ready for distribution. This was the construction placed upon similar language in *Scott* v. *Guernsey*, 60 Barb. 163, 175, and *Lambert* v. *Harvey*, 100·Ill. 338, and is not in conflict with *Calkins* v. *Smith's Estate*, 41 Mich. 409. The word "or" is often construed to mean "and," and its use is a common mistake in wills as well as elsewhere. 1 Jarm. Wills (6th Ed.), 505; 2 Burrill, Law Dict. 263.

We think the court reached the correct conclusion. Judgment affirmed, with costs.

The other Justices concurred.