MINOT CURTIS BREWER, plaintiff below, plaintiff in error, *vs.* WALTER C. CURTIS, Executor of the last will and testament of Adaline H. Curtis, deceased, defendant below, defendant in error.

1. **WILLS—LEGACIES, ON DEATH OF LEGATEE BEFORE TAKING EFFECT OF STATUTE, DO NOT LAPSE.**
   Under *Rev. Code* 1915, § 3389, providing that legacies of a testator dying after the approval of the statute shall not lapse on death of legatee, legatee's death before the statute became a law did not prevent its application.

2. **WILLS—DIRECTION FOR LAPSE ON LEGATEE PREDECEASING TESTATOR MUST BE CLEARLY EXPRESSED.**
   Under *Rev. Code* 1915, § 3389, providing that legacies shall not lapse on death of the legatee before the testator, unless testator directs otherwise, the intent that legacy shall lapse need not be expressed in the words of the statute, but must clearly appear.

3. **WILLS—ANTILAPSING STATUTES NOT TO BE SO CONSTRUED AS TO DEFEAT TESTATOR'S INTENTION.**
   Statutes for the prevention of lapses should not be so construed as to defeat the clearly expressed intention of the testator.

4. **WILLS—STATUTE TO PREVENT LAPSE ON LEGATEE'S DEATH INCONSISTENT WITH TESTATOR'S INTENTION.**
   Where testator executed will bequeathing $20,000 to a daughter and $1,000 to daughter's son, with further provision giving son additional $6,000 on daughter predeceasing testator, and after daughter's death executed codicil ratifying provisions of will without expressly providing that son was to receive daughter's legacy, legacy to daughter lapsed upon her death, notwithstanding *Rev. Code* 1915, § 3389, to prevent lapse; it being apparent testator so intended.

(*January* 20, 1920.)

PENNEWILL, C. J., CONRAD and HEISEL, Associate Judges, sitting.

*W. B. Saul* of Philadelphia and *Herbert H. Ward* (of *Ward, Gray and Neary*) of Wilmington, for plaintiff in error.

*Charles B. Evans* and *Robert H. Richards*, of Wilmington, for defendant in error.

Supreme Court, January Term, 1920.

ERROR to Superior Court, New Castle County, No. 1, June Term, 1919, and No. 83, November Term, 1918, in the court below, reported *ante*, 105 *Atl.* 420

Action of assumpsit by Minot Curtis Brewer against Walter C. Curtis, executor, for the recovery of a legacy. Submitted to the

court on an agreed statement of facts. Judgment for plaintiff for amount conceded to be payable by the defendant. Plaintiff brings error. Judgment affirmed.

Adaline H. Curtis, grandmother of the plaintiff in error and mother of the defendant in error, by her will dated August 13, 1908, made the following bequests:

"I give to my daughter, Sarah H. Brewer, wife of Allyn Brewer, the sum of twenty thousand dollars ($20,000).
"I give to my grandson, Minot Curtis Brewer, the sum of one thousand dollars ($1,000), and in case my said daughter be not living at the time of my decease, I give to him in addition to the above legacy the sum of six thousand dollars ($6,000)."

After making certain other bequests, the testatrix directed that:

"All the rest, residue and remainder of my property, and estate, of every kind, wheresoever situate and being, including all such as I may hereafter acquire and be entitled to at the time of my decease, I give, devise and bequeath to my said son, Walter C. Curtis, his heirs, executors, administrators and assigns, absolutely; and in case he be not living at the time of my death, I give the same to my daughter, Sarah H. Brewer, her heirs, executors, administrators and assigns, absolutely."

On February 3, 1910, the testatrix made a codicil wherein, after ratifying and confirming her will, she made the following bequests:

"I give to Alice V. Brewer, wife of my grandson Minot C. Brewer, the sum of two thousand dollars.
I give to Walter C. Brewer, my great-grandson, the son of the said Minot C. Brewer, the sum of five hundred dollars."

Sarah H. Brewer, daughter of the testatrix, and legatee in the first item of her will, died October 15, 1908, leaving as her issue Minot Curtis Brewer, the plaintiff.

Adaline H. Curtis, the testatrix, died August 23, 1917.

Upon the renunciation of Charles M. Curtis, one of the executors, letters testamentary were issued to Walter C. Curtis, the other executor, and the will and codicil were duly probated August 29, 1917.

At the time of the decease of Sarah H. Brewer, there was in this state no statute to prevent the lapsing of such a legacy as that

bequeathed in the first item of the said will, but by an act, approved March 15, 1909 (25 *Del. Laws, c .*223), entitled "An act to prevent the lapsing of certain devises and legacies," it was provided:

"Section 1. That no devise or legacy in favor of a child or other lineal descendant of any testator dying after the approval of this act, shall be deemed or held to lapse or become void, by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise." *Rev. Code* 1915 § 3389.

In the case stated filed in the court below it was agreed that if the court should be of the opinion that under the facts aforesaid and the law and statutes of the state of Delaware the said Minot Curtis Brewer is entitled to be paid by said defendant the said sum of twenty thousand dollars ($20,000), given by said last will to the said Sarah H. Brewer, then the court shall enter judgment in favor of the plaintiff for the sum of twenty-seven thousand dollars ($27,-000) besides costs of suit, and that if the court shall be of the opinion under the facts aforesaid and the law and statutes of the state of Delaware that the said plaintiff is not entitled to have paid to him the said sum of twenty thousand dollars ($20,000) given and bequeathed in said last will and testament to the said Sarah H. Brewer as aforesaid, then judgment to be entered in favor of the plaintiff for the sum of seven thousand dollars ($7,000) and costs of suit.

The court below entered judgment in favor of the plaintiff for the sum of seven thousand dollars, and the case is now in this court on writ of error.

PENNEWILL, C. J., after stating the facts above, delivered the opinion of the court:

There is but one question that need be considered in this case, and that is: Did the testatrix by her will direct, within the meaning of the statute, that the legacy given to her daughter should not go to her grandson if the daughter died in the lifetime of the testatrix?

Other questions were raised and argued, but they serve only to confuse and becloud the real question.

(1)   The statute applies to the will of any testator dying after the approval of the act, and, therefore, the fact that the primary legatee died before the statute became a law cannot prevent its application.   The statute is broad in its language, and admits of no exception other than by direction of the testator.

The codicil had no other effect upon the will than confirmation, and although the statute in question was not in force when the will was executed, and was in force when the codicil was made that fact cannot affect the real issue in the case.   Neither does the effect of a codicil on void or satisfied legacies arise, the sole question being:   Did the testatrix by her will direct that the legacy given to the daughter should not go to her issue in the event of her death in the lifetime of the testatrix?

[2]   Manifestly the statute does not mean that the testator shall use the language of the statute to prevent its application, because it applies to wills made before as well as to wills made after its passage.   And it would be unreasonable and too technical to hold, that to prevent the application of the statute the testator is required to say expressly that the legacy shall not go to the issue of the legatee dying in the lifetime of the testator.

[3]   Perhaps nowhere has the law respecting the application of antilapsing statutes been more concisely and correctly stated than in 18 *Am. & Eng. Encyc. of Law*, 758;

"Statutes for the prevention of lapses are intended, not to defeat the will, but to supplement it, and ought not to control if it be inconsistent with the will to have them control."

This is equivalent to saying that such statutes should not be so construed as to defeat the intention of the testator as clearly shown by the language of the will.

The vital question then in the present case is:   Would it be inconsistent  with the will and defeat the intention of the testatrix as expressed therein, if the grandson should receive the legacy bequeathed to his mother in addition to the amount specifically given to him, if his mother died in the lifetime of the testatrix?

Is it clear from the will that the testatrix intended that her grandson should not receive the legacy bequeathed to his mother?

It is not enough to believe that such intention is probable and reasonable, in view of the language of the will and the surrounding circumstances. It must be more than debatable, otherwise in almost every case there would be diligent effort made to discover some ground or reason to defeat the operation of the law.

To prevent the application of the statute, the court should be fully and clearly satisfied that the testator did not want the issue to take in the event of the death of the legatee in the lifetime of the testator.

Presumably the statute was passed for a good purpose; it is very general, and should not be denied application in the present case unless the intention that it should not apply is as clear as it would be if the testatrix had used this language:

"And in case my said daughter be not living at the time of my decease, I give him (the grandson), in addition to the above legacy, the sum of $6,000 and he is to receive no more of my estate."

It is argued in behalf of the appellant that if the will was made by the testatrix in contemplation of the then existing law, under which the legacy in question would lapse, it is equally true that the codicil, which reaffirmed the will, was made in contemplation of a law that saved the legacy for the grandson unless the testatrix directed otherwise, and she did not so direct. But while the codicil reaffirmed the will in all respects except as altered by the codicil, it is too much to say that it reaffirmed a legacy to a legatee who was then dead. The testatrix when she made the codicil knew her daughter had died, but she did not direct that the legacy that was lost to her daughter should be paid to her son, and presumably she was satisfied with the provision of her will that gave her grandson an additional sum of $6,000, if his mother died in her lifetime.

It is true the will indicates that the testatrix intended that her daughter and grandson together should have practically one-half of her estate, but it does not indicate that the grandson should have as much if his mother died in the lifetime of the testatrix. On

the contrary, the will not only indicates, but expressly says, that in such event the grandson shall receive $6,000, in addition to what had already been given him. The direction that he shall receive a certain sum in a certain event must mean that he shall not thereupon have a greater sum, for the designation of one amount necessarily negatives a greater or different amount.

The important and vital question is: How much of her estate did the testatrix want her grandson to have if his mother died in her lifetime? Did she intend that he should have, in that event, only $6,000 more than she had already given him? If such was her intention then manifestly she did not intend that he should receive the legacy bequeathed to his mother.

[4] Inasmuch, therefore, as the testatrix specifically directed what part of her estate her grandson should receive if his mother died in her lifetime we are constrained to believe it was her intention that he should not receive his mother's legacy or any other part of the testatrix's estate. When she gave the legacy to her daughter she contemplated that the daughter might die in her lifetime, and directed just what her grandson should receive in that event. Such direction we think fixed the limit of what he should receive and was equivalent to saying that he should in no event have any more of her estate.

Such being the intention of the testatrix, as clearly shown by her will, we are of the opinion that the testatrix has directed that the legacy bequeathed to her daughter should not go to her issue, and therefore hold that the statute does not apply. Its application would be inconsistent with the will and defeat the intention of the testatrix as clearly expressed therein.

The decision of the court below will be affirmed.