HELEN CHRISTINE SOPHIA ALSENTZER STIEGLER, LUCY KATHRYN ALSENTZER HIBBERT AND ANNA ELIZABETH SOPHIA ALSENTZER GIRVEN,

*vs.*

ELWOOD HIBBERT AND HOWARD J. HAMBRIGHT, Executors of the last Will and Testament of Albert A. Hambright, deceased, and HOWARD J. HAMBRIGHT, ANNICE C. LEACHEY, ALICE RINGWALT, LAURA R. EVANS AND ANNIE BOLLENGER.

*New Castle, July* 31, 1929.

*John Biggs, Jr.,* and *Christopher L. Ward, Jr.,* for complainants.

*Walter J. Willis,* for defendants.

THE CHANCELLOR. Mrs. Alsentzer was dead when the testator named her in his will as one of his residuary legatees. He knew she was dead. The legacy to her was a void one, notwithstanding he knew she was dead. *Dildine v. Dildine,* 32 *N. J. Eq.* 78. In the absence of statutory provisions to the contrary, no one could take it as substitute for the named legatee. At common law, therefore, the complainants could have no possible right to receive the residuary share which, had their mother been living, she would have taken.

The complainants claim, however, that a statute of this state comes to their aid and supports their right to take their

mother's share. The statute referred to is found in the second paragraph of *Section* 3389 of the *Revised Code of* 1915. It is as follows:

"No devise or legacy in favor of a brother or sister, or children of a deceased brother or sister, of any testator, dying after the fifteenth day of March, A. D. 1909, such testator not leaving any lineal descendant, shall be deemed or held to lapse, or become void by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator; saving always to every testator the right to direct otherwise."

This statute is applicable to void as well as lapsed legacies and devises. *Todd v. Gambrill, et al.,* 15 *Del. Ch.* 342, 138 *A.* 167. There is therefore no obstacle in the way of the complainants' claim by reason of any distinction between lapsed as against void legacies.

But there is an insuperable objection to the complainants' claim in this—that they do not come within the classes in favor of whom the statute saves legacies from the consequence of a lapse. None of them stand in the relation of brother or sister of the testator; nor are they children of a deceased brother or sister of the testator. They are children of a sister-in-law of the testator. When the statute refers to brother or sister it means brother or sister by blood. This is too obvious for discussion.

The complainants however say that the testator treated his sister-in-law like a sister, classed her in the residuary clause with his sisters, and that he called her children his nieces in his will. There is nothing unusual in that. It appears to me to be of no significance. The complainants however contend that it is of great significance, because, they say, if the testator thought of Mrs. Alsentzer as his sister, then he must have intended that the statute against the lapsing of a legacy given to a sister should operate upon the legacy given to Mrs. Alsentzer and save it in favor of her issue, the complainants. Their view as it is expressed by their solicitors seems to be that the operation or non-operation of the statute is a matter to be determined by the intent of the testator and that if the testator intended to put some one in the

class of sister the statute will come into operation, notwithstanding such person is not in fact a sister. This is an erroneous view of the statute. It is true that the Supreme Court of this state and this court have said that the non-operation of the statute could be effectuated by the testator's intent. *Brewer v. Curtis*, *7 Boyce*, 204, 105 *A*. 420; *Id.*, *7 Boyce*, 503, 108 *A*. 673; *Todd, et al., v. Gambrill, et al., supra.* The statute itself in its last clause so provides. Neither the Supreme Court nor this court has, however, ever said that the invoking of the statute's operation was a matter referable to the testator's intent. The statute was enacted to alter the effects of a theretofore existing rule of law. If a case should arise coming within the terms of the statute, the effect is that the old rule is abrogated unless the testator directs otherwise. This is far from saying that the intent of a testator may be consulted for the purpose of discovering whether he desired a legacy to one not covered by the statute to be embraced within it. The operation of the statute requires no affirmative indication from the testator. Its non-operation however ever requires some negative intent. Of course a testator could by express reference to the statute embody it in his will. But in that event the terms of the statute would operate not as a statute but as the testator's wish ascertained by way of reference to something incorporated in the will.

Inasmuch as the mother of these complainants through whom they claim was not related to the testator within any of the degrees mentioned by the statute, it must follow that the void legacy to her is not saved by the statute from the consequences of a lapsing.

The complainants cite numerous cases to support their contention. Those cases are not helpful to the complainants on the question before us. In *Todd, et al., v. Gambrill, et al., supra*, the niece was a daughter of the testator's sister and hence within the plain purview of the statute. *Guitar v. Gordon*, 17 *Mo*. 408, is in principle the same. Several cases are cited in support of the proposition that there may be an implied as well as an express substitution of legatees to take in lieu of a deceased legatee and a lapse thereby avoided. There is no doubt about that proposition. A question of that sort turns upon an inter-

pretation of the testator's language for the discovery of his intent. There is nothing in the will now before the court, however, upon which to hinge a suggestion that the testator meant to substitute Mrs. Alsentzer's children for her. The sole reliance of the complainants must be on the statute against lapsing and they are not within the terms of that statute.

The complainants cite two cases which they say are so close as to govern this one. In neither of those cases was there a statute involved. They were pure cases of construction of wills. The first is *Davis v. Taul*, 6 *Dana* (*Ky.*) 51. The court found in that case that under the peculiar language of the will as applied to the circumstances of the testator's family there was an intent manifest that the heirs of a deceased son should be substituted as devisees in the son's place. This was the effect given to the word "heirs" as used in the will. Whether that construction was the rightful one, need not be here considered. The point is that when the court so understood the word and its significance, the familiar rule applicable to substitutionary bequests and devises was invoked. In this case the only possible suggestion that the testamentary *intent* was that Mrs. Alsentzer's children should be substituted for her is, that the testator knew she was dead when he wrote his will and therefore must have meant her children to step into her place as legatee. No case has been cited and I believe none can be found, where a testamentary intent to substitute is gathered from a bare circumstance of that sort. If such were the proper rule of construction, there never was any need for including void legacies in the many statutes against lapsing which are found in the various states.

The next case upon which the complainants rely and which they describe as nearest to this one, is the case of *Scott v. Nelson*, 3 *Port.* (*Ala.*) 452, 29 *Am. Dec.* 266. There again there was no question under a statute. It was a case of construction in which the oft debated question of whether grandchildren could be included in the word "children" was considered. The Alabama Supreme Court so read the will in that case as to conclude that the children of a deceased child were meant by the testator to be included in the descriptive class of the testator's children.

The bill will be dismissed, costs on the complainants.