CENTRAL NATIONAL BANK, a corporation created by and existing under the laws of the United States of America, Executor of the Last Will and Testament of NORA C. HAYMAN, deceased,

*vs.*

W. HERMAN STEVENSON and MARY S. STEVENSON, his wife, E. LESLIE STEVENSON and IONE STEVENSON, his wife, CHARLES C. TOMKINSON and MARY TOMKINSON, his wife, MYRNA TOMKINSON CARSON, Widow, HORACE L. TOMKINSON, Widower, HERBERT A. STEVENSON, Widower, WILBUR R. STEVENSON and CORA STEVENSON, his wife, RUBY STEVENSON CROSSMAN and A. BEVERLY CROSSMAN, her husband.

*New Castle, Oct. 24, 1940.*

*George Gray Thouron,* for complainant.

*James W. Lattomus,* for Charles C. Tomkinson and Mary Tomkinson, his wife, Myrna Tomkinson Carson and Horace L. Tomkinson.

THE CHANCELLOR: This is a bill to construe the last will and testament of Nora C. Haymon, deceased. The material provisions of that instrument are contained in the "Fourth" Item, which provides:

"Fourth: I give, devise and bequeath the rest, residue and remainder of my estate, whether it be real, personal or mixed, of whatsoever kind or nature, and wheresoever the same may be situated at the time of my death, to be divided equally among the following persons:

"Mrs. Rowena Stevenson
"W. Herman Stevenson
"E. Leslie Stevenson
"Myrna Tomkinson Carson
"Horace L. Tomkinson

"Should any of these beneficiaries named be deceased at the time of the execution of this will, their share is to revert to my estate."

Nora C. Hayman left no lineal descendants to survive her, and the relationship of the various legatees and devisees named in the residuary clause of her will does not appear from the allegations of the bill. For the purposes of this case, it will be assumed, however, that they are either brothers and sisters of the testatrix, or their children. Rowena Stevenson, one of said devisees and legatees, was living at the time Nora C. Hayman signed and published her will, but died subsequent thereto, and prior to the death of the said testatrix, leaving to survive her certain heirs, presumably children, whose names appear in the statement of facts preceding this opinion. All of the other legatees and devisees named in the "Fourth" item of the will of the deceased survived her, and the question to be determined is whether such surviving legatees are entitled to the whole

of the personal property disposed of in that item of the will, or whether the heirs of Rowena Stevenson are also entitled to share in the distribution of that fund, pursuant to the provisions of *Section 3854* of the *Revised Code of 1935*. That section provides:

"No devise or legacy in favor of a brother or sister or children of a brother or sister of any testator dying after the fifteenth day of March, A. D. 1909, such testator not leaving a lineal descendant, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise."

The important provision of the will to be considered is the phrase "Should any of these beneficiaries named be deceased at the time of the execution of this will, their share is to revert to my estate."

The question to determine is whether the word "execution" in that phrase refers to the time the will was signed by the testatrix, or to the time when it should take effect and govern the distribution of her estate. That word may have one of several meanings, depending on the context of the instrument in which it is used; but in this case, it was apparently intended to have the latter of two possible meanings referred to in the preceding sentence, and the rights of Rowena Stevenson were therefore merely of a conditional nature: *In re Kear*, 133 *App. Div.* 265, 117 *N. Y. S.* 667; *In re Lambs' Estate*, 122 *Mich.* 239, 80 *N. W.* 1081; *Lambert v. Harvey*, 100 *Ill.* 338; see also *Scott, et al., v. Guernsey, et al.*, 60 *Barb.* 163, *affirmed* 48 *N. Y.* 106.

The direction in the "Fourth" item of the will that "should" any of the named beneficiaries of a portion of the residue of the estate of the testatrix die, "his or her share is to revert to my estate" does not seem to permit of any other reasonable conclusion. This is true, notwithstanding the use of the word "is" which perhaps does not ordinarily

have a future meaning. Moreover, in view of the fact that Rowena Stevenson was living when the will was signed by the testatrix, even though the word "execution" may ordinarily and primarily have a different meaning, any other conclusion, as to its intended meaning in this case, would seem to be wholly unreasonable. The conclusion reached is, therefore, in accord with the settled rule of construction that "If giving the words used in a will their primary signification will render the will not sensible or absurd, such meaning will not be followed." *In re Kear, supra; In re Lambs' Estate, supra.*

While it does not appear from the allegations of the bill that the testatrix knew that Rowena Stevenson was alive when the will was made, she must have had good reasons to believe that she was, otherwise she would not have named her as a legatee therein. In view of the express provisions of the will, the statute above quoted does not apply to this case, and the heirs of Rowena Stevenson are not entitled to participate in the fund to be distributed under the provisions of the residuary clause of the will of the said Nora C. Hayman, deceased. See *Brewer v. Curtis' Ex'r.,* 7 *Boyce* (30 *Del.*) 503, 108 *A.* 673.

A decree will be entered in accordance with this opinion.