Walter H. Smith, Executor under the last Will and Testament of Bertha Truitt McKaig, deceased,
Plaintiff,

*vs.*

Audrey Truitt, Mary Alice Truitt Horn, Audrey Jane Truitt McCabe, Leon C. Truitt, Mabel Madeline Lux, Alfred W. Truitt, Pearl Smith, Katherine Pernet, Emma Truitt, Louise Huber, Margaret Seugling, Henry R. Lee, Frank P. Lee, Jr., Scott Methodist Church, a religious corporation of the State of Delaware; and Asbury Methodist Church, a religious corporation of the State of Delaware, and Walter H. Smith,
Defendants.

*New Castle, July 5, 1955.*

*H. Eugene Savery,* Wilmington, for plaintiff-executor.

*H. Eugene Savery,* Wilmington, for defendant Walter H. Smith.

*J. Rankin Davis,* Wilmington, for defendants Mary Alice Truitt Horn and Audrey Jane Truitt McCabe.

Default judgment entered against other defendants.

SEITZ, Chancellor: This will construction case is in effect submitted to the Court for decision on the pleadings. The parties are in agreement as to the issues presented.

By her will the testatrix first gave certain instructions to the executor and then provided for certain specific non-monetary legacies. By Paragraph 7 of her will she provided as follows:

"7. —20% of estate I give to my brother Ruliff L. Truitt. If he predeceases me his 20% to revert to the estate.

—20% of estate I give to my brother Leon C. Truitt. If he predeceases me his 20% to revert to the estate.

—20% of estate I give to my nephew Walter H. Smith. If he predeceases me his 20% to revert to the estate.

—15% of estate I give to my niece Mabel Madeline Lux. If she predeceases me her 15% to revert to the estate.

—5% of estate I give to my friend Katherine Pernet. If she predeceases me her 5% to revert to the estate.

—5% of estate I give to my friend Louise Huber. If she predeceases me her 5% to revert to the estate.

—5% of estate I give to my friend Margaret Seugling. If she predeceases me her 5% to revert to the estate.

—2% of estate I give to my cousin Alfred W. Truitt.

—2% of estate I give to my nephew Henry R. Lee.

—2% of estate I give to my nephew Frank P. Lee, Jr.

—2% of estate I give to Scott M. E. Church.

—2% of estate I give to Asbury M. E. Church."

There is no specific residuary clause except as the quoted Paragraph 7 may be so considered. Indeed, the parties agree that Paragraph 7 is in effect a residuary clause and I accept their designation.

The case arises because Ruliff L. Truitt ("Ruliff"), brother of the testatrix, predeceased her. However, Ruliff's two children survived the testatrix. The two children contend that the provision for

the 20% payment to Ruliff (1) passed to them under the Anti-Lapse Statute or (2) passed as intestate property.

The defendant, Walter H. Smith, a nephew of the testatrix, contends that Ruliff's share passed to the other beneficiaries named in Paragraph 7. He bases his contention on the language, "If he [Ruliff] predeceases me his 20% to revert to the estate", and on the language of the will generally. Otherwise stated, he denies that Ruliff's share passed under the Anti-Lapse Statute or passed as intestate property.

■ Let us first consider whether the Anti-Lapse Statute is applicable. This statute, 12 *Del.C.* § 2313, insofar as applicable provides:

> "No devise or legacy in favor of a brother, sister or children of a brother or sister of any testator dying after March 15, 1909, such testator not leaving a lineal descendant, shall lapse or become void by reason of the decease of the devisee or legatee in the lifetime of the testator if the devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise."

It is apparent from the quoted language that Ruliff's two surviving children are entitled to his share unless the testatrix by her will directed otherwise. I find it impossible to escape the conclusion that the language, "If he [Ruliff] predeceases me his 20% to revert to the estate" constitutes a direction by the testatrix which prevents the passage of Ruliff's share to his children under the statute. The "reversion" provision is inconsistent with the operation of the Anti-Lapse Statute. See *Brewer v. Curtis, 7 Boyce* 503, 108 *A.* 673. This would seem to have been one of the precise holdings in *Central National Bank v. Stevenson, 25 Del.Ch.* 215, 16 *A.2d* 114.

■ I next consider whether Ruliff's share is to be distributed among the other parties mentioned in Paragraph 7 or whether it passes as intestate property.

The so-called reversionary language of the will, in my opinion, had the effect of continuing Ruliff's share in the estate of the testatrix. However, once Ruliff's share is removed from consideration, one cannot take the other percentages set forth in Paragraph 7 and distribute the entire estate. The Court would be drawing a different will if it were to increase the percentages proportionately in order to "take up" Ruliff's 20%. The shaky nature of the judicial footing under such an approach is rendered even more apparent if we test it by assuming that some of the other beneficiaries also predeceased the testatrix. The testatrix unfortunately failed to provide for the disposition of the shares set forth in Paragraph 7 in the event any beneficiary predeceased the testatrix. The cases involving class gifts in residuary clauses are not applicable to the language of this will.

I therefore conclude that testatrix died intestate as to the so-called Ruliff 20%. These proceeds will be distributed under the intestate laws of Delaware.

Order on notice.