Roberts v. Baker.

---

## F. M. Roberts, Administrator of the estate of William Riggall, v. Emma Baker.

1.   FORCIBLE DETAINER—*Can not be Maintained by an Administrator.*—The administrator is the sole representative of the personal estate, but not of the real property.   The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts.   He takes neither estate, title or interest in the realty, and can not maintain an action of forcible detainer for the recovery of its possession.

Forcible Detainer.—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.   Heard in this court at the November term, 1895.   Affirmed.   Opinion filed May 16, 1896.

HENRY T. RAINEY, attorney for appellant.

FRANK A. WHITESIDE and MARK MEYERSTEIN, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant, administrator of the estate of William Riggall, deceased, by appointment of the County Court of Greene County, and who is also public administrator for that county, brought this action of forcible detainer to recover from the appellee the possession of certain real estate of which his intestate died seized.

Whether he can maintain such action is the only question necessary to be noticed.

The personal assets of the estate largely exceeded the indebtedness.

The general doctrine in Illinois frequently declared by our Supreme Court is perhaps more forcibly stated in Ryan, Adm'r, v. Duncan, 80 Ill. 144, than elsewhere, as follows:

"The administrator is the sole representative of the personal estate, but not of the real property. The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts. This court has repeatedly decided that an administrator takes neither estate, title nor interest in the realty, and that he can not support any possessory or real action in law or equity for the recovery or maintenance of possession or title," etc.

Administration of an estate is committed by the statute to a relative or creditor, if such there be, residing in the State, willing to accept the trust; if unwilling, or if there be no resident relative or creditor, administration is committed to the public administrator.

The grant of power is the same whether to a relative creditor or to the public administrator, and to neither is given control over or concern as to real property, beyond

the right and duty to apply for an order to expose it to sale, if necessary, for the payment of the debts of the decedent.

The appellee entered into possession under the decedent, and stood charged with the duty of attorning to whomever succeeded to the title under which she entered.

The fact she paid rent for one month to the administrator did not impose upon her the duty to continue to make payments to him nor to surrender possession to him. She paid under an erroneous impression that he, by virtue of his appointment as administrator, was invested with power and right to demand and receive the rent.

He had not such power, and when so advised it was her right and her duty to refuse to recognize him as her landlord.

Expressions of the court in Anderson v. Smith, 63 Ill. 128, are here much in point.

The appellant administrator was not entitled to possession of the premises, and the Circuit Court properly so decided.

The judgment is affirmed.