(No. 14402.—Decree affirmed.)
FLORENCE BUCKNER, Appellant, vs. LUMAN CARR et al.
Appellees.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. WILLS—*intention of testator must be ascertained from entire will.* The intention of a testator is to be ascertained not by the construction of a single sentence in his will but upon a consideration of all its language, and the intention so ascertained must be given effect unless in violation of some rule of law.

2. SAME—*devisees do not take fee where executor is directed to sell proceeds.* Although a will gives a vested remainder, at the death of the life tenant, to certain named children of the testator, they will not take the legal title in fee where in a subsequent clause the testator limits such fee by directing the executor to sell the land and distribute the proceeds to the devisees, as such a devise, under the doctrine of equitable conversion, must be treated as a gift of money.

3. SAME—*active trust is created where executor is directed to sell land and distribute proceeds.* An active trust is created where an executor is directed to sell land given in a devise and distribute the proceeds to the devisees, even though the executor is not given the legal title but is merely given the power to sell.

4. SAME—*when giving executor power to sell does not violate rule against perpetuities.* Where an executor is directed to sell a remainder after the death of a life tenant, the rule against perpetuities is not violated merely because no time is limited within which the power of sale must be exercised, where all the interests in the will are vested and the executor is directed to make a distribution of the proceeds.

5. PARTITION—*distributees of proceeds after sale by executor cannot maintain bill for partition.* Where a testator gives his children the remainder of his estate after a life estate in his wife but directs his executor to sell all the real property and distribute the proceeds to said devisees, the real property is converted into personalty at the testator's death and the devisees of the remainder have no title or interest in the land upon which they can maintain a bill for partition.

6. SAME—*when devisees cannot maintain bill for partition as heirs.* Devisees of a remainder which is directed to be sold by the executor and the proceeds distributed at the death of a life

tenant are not entitled to partition because they happen to be heirs of the testator and hold the legal title in trust, as the title is so held in trust only for the purposes of the will and the right of partition is inconsistent with the equitable conversion directed by the testator.

7. SAME—*delay of two months in selling land will not deprive executor of his power to sell.* Where a testator directs a remainder to be sold at the death of a life tenant and the proceeds distributed among his children, a delay of two months in selling the land after the death of the life tenant is not so unreasonable as to authorize a court of equity to take the execution of the power out of the executor's hands and allow the children to partition the land either as devisees or as heirs of the testator.

8. EQUITY—*when section 50 of the Chancery act does not give jurisdiction to construe will.* Section 50 of the Chancery act, as amended in 1911, authorizing courts of equity to entertain bills to construe wills where no trust is involved, does not, where no equitable rights are to be protected or enforced, give jurisdiction to construe a will which is not ambiguous, and where no question of construction exists an allegation in the bill that there is such a question does not confer jurisdiction.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

JOHNSON & CARR, ROBERT C. CARR, and LEE O'NEIL BROWNE, for appellant.

B. HARRY RECK, and JOHN W. DUBBS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Albert H. Carr, of LaSalle county, executed his will on November 30, 1914, whereby he made certain specific bequests of money and personal property and devised all of his real estate to his wife for life. The residue of his personal property he bequeathed to nine sons and daughters, to be equally divided among them, including Florence Buckner and not including Retta Porterfield. The sixth, seventh, eighth, ninth and tenth paragraphs of his will are as follows:

"*Sixth*—On the death of my said wife I give and bequeath to my daughter Retta Porterfield, of Colorado City, Colorado, the sum of two thousand dollars ($2000).

"*Seventh*—In consideration of the sum of three thousand dollars ($3000) to be deducted from her share in the final distribution of my estate as provided for hereinafter, and the further consideration that she keeps up the taxes and repairs thereon, I give and devise, on the death of my said wife, unto my daughter Florence Buckner all that lot, piece and parcel of land or real estate described as lot eleven (11) and the north sixty (60) feet of lot ten (10), all in block thirty-three (33), in the original town of Mendota, situated in the city of Mendota, county of LaSalle and State of Illinois, to have and to hold and to enjoy the rents and profits thereof for and during the term of her natural life, with remainder therein over to her children, their heirs and assigns forever.

"*Eighth*—I give, devise and bequeath, on the death of my said wife, all the rest, residue and remainder of my estate not otherwise disposed of, to the following of my children: Loren Carr, Luman Carr, Clyde Carr, Guy Carr, Edith Rogers, Ollie Albright, Florence Buckner, Margaret Patterson and Della Miller, to be divided equally among them, share and share alike, the sum of three thousand dollars ($3000) mentioned in the seventh (7th) paragraph of this instrument to be considered as part of the fund for purposes of distribution, and the share of Della Miller to be given in trust to my executor hereinafter named and held by him and his successors in trust upon the conditions and for the purposes hereinafter provided. And I hereby direct that my executor hereinafter named shall for the purpose of such distribution sell and dispose of any and all real estate, I hereby giving my said executor full power and authority to so sell and dispose thereof and to convey the same to the purchasers by deed for such consideration as to him shall seem proper.

"*Ninth*—I hereby make, nominate and appoint as executor of this my last will, Gilbert Faber, of Mendota, Illinois, and direct that letters testamentary issue to him upon his filing a good and sufficient bond to be approved by the probate court of LaSalle county. In case said executor shall die, resign or refuse to act the probate court of La-Salle county shall appoint his successor, who shall have the same powers and duties as if named herein as executor.

"*Tenth*—I give and bequeath to my said executor herein named, and his successors in trust, all the proceeds which may be derived from the share or portion of my estate which would fall to my daughter Della Miller under the distribution provided for in paragraphs five (5) and eight (8) of this instrument, in trust nevertheless for the following purposes and uses, to-wit: I direct the said executor to invest the same, in his discretion, in good interest-bearing securities and pay the interest annually to my said daughter Della Miller during her lifetime, and after her death the principal or remainder thereof shall be paid, share and share alike, to her children. In case any of her children shall predecease her, the said Della Miller, leaving issue surviving, the share of such deceased child shall go to its issue. If at any time the interest from the said principal invested as herein provided, together with any other income which may be received by said Della Miller, shall in the opinion of my said executor be insufficient to properly support said Della Miller and her minor children, and if she have no other property available for such support, then my executor is hereby empowered and directed to pay said Della Miller such sum or sums from the said principal as he shall deem necessary to properly support said Della Miller and her minor children, in no case to exceed three hundred dollars ($300) annually."

The testator died, his will was admitted to probate, and letters testamentary were issued to Gilbert Faber, the executor named. Hannah Carr, the widow and life tenant,

died on March 17, 1921, and on May 17 Florence Buckner filed a bill for partition of the real estate among the chil-. dren named in the eighth paragraph of the will, for a construction of the will and an accounting, and praying to have certain deeds declared mortgages. A demurrer to the bill was sustained, the bill was dismissed for want of equity, and the complainant has appealed from the decree.

The appellant contends that a fee simple title is devised by the eighth paragraph of the will to the testator's children named therein; that the direction given to the executor to sell for the purpose of distribution is an illegal restraint upon alienation and is void, and that the devisees named hold the title free of any power of the executor to sell. The language of the eighth paragraph preceding the sentence conferring power to sell upon the executor is sufficient to transfer an estate in fee simple, and must be construed as devising such estate, in accordance with section 13 of the Conveyance act, unless a less estate is limited by express words or appears to have been devised by construction or operation of law. The intention of the testator is to be ascertained, not by the construction of a single sentence in his will but upon a consideration of all its language, and the intention so ascertained must be given effect unless in violation of some rule of law. In construing the eighth paragraph of the will the court will not stop at the first sentence, which devises the residue of the testator's estate to his children named, to be equally divided among them, and refuse to consider the second sentence, which directs the manner in which the division shall be made and orders that for the purpose of dividing the estate equally among them the executor shall sell and dispose of all the testator's real estate. In *Baker* v. *Copenbarger*, 15 Ill. 103, it was said that the rule was so well settled that it was not necessary even to refer to authorities on the subject, that a devise of real estate which by the provisions of the will was to be converted into money and that money distributed among

the devisees must be treated as a devise of money and not of land; that the legal title to the land is held in trust for the purposes specified in the will whether the title is left by the will to descend to the heirs by operation of law or whether by the will it is vested in a trustee, and that it makes no difference in this respect that the legal title descended to the devisees to whom the bequest is to be paid in money when the land is sold. This is the well known doctrine of equitable conversion which existed long before that time and has been recognized in many decisions of this court since.

It is contended, however, that the direction to sell and the power given to the executor in this case by which the conversion is effected constitute a void restraint upon alienation. This argument assumes that where a fee simple is expressly devised by the language of a clause in a will the estate granted cannot be restrained, limited or qualified by another clause. The contrary is the law, and if the intention of the testator, ascertained by a consideration of the whole will, was that the gift should be other than a fee simple, it is wholly immaterial in what part of the will such intention is manifested. (*Giles* v. *Anslow,* 128 Ill. 187; *Becker* v. *Becker,* 206 id. 53; *Meins* v. *Meins,* 288 id. 463.) In *Robison* v. *Botkin,* 181 Ill. 182, the testator by the third clause of his will devised the remainder of his property after a life estate devised to his wife, to be equally divided among his five children, naming them, "deducting, however, from the share of either any obligation or indebtedness they may owe the estate." This language, unrestricted by any other, was clearly sufficient to carry the remainder to the five children in equal parts in fee simple, subject to the charge of any indebtedness due to the testator. The next clause, however, provided: "In case the heirs can agree to divide the real estate I desire that they do so. If this can not be done it is my desire and wish that the executors sell the lands." It was held, from a consideration of the en-

tire will, that it was the evident intention of the testator that the real estate devised by the second clause of the will must be sold by the executor unless the beneficiaries should by agreement divide it amongst themselves, and the proceeds of such sale must be distributed equally amongst the testator's children, deducting the indebtedness of any of them to the estate; that there was by the will an equitable conversion of the real estate into personal property and the children took no interest in the land. The same argument was made in that case as in this: that by the third clause of the will the land was devised, in terms, to the children of the testator named, and that that clause should prevail over the subsequent one in conflict with it. The court said that it is a cardinal rule that the entire will should be construed together and made to harmonize and effect be given to every part, if possible; that there was no necessary conflict between the two clauses, but it was evident that the testator intended the indebtedness of either of his children to the estate to be deducted from his share, and, from both clauses together, that the division and distribution should be made in personal property altogether, unless they agreed among themselves that as to the land they would take it as land.

The appellant argues that any trust which may be created by the will is passive, because the executor has no active duties to perform during the lifetime of the life tenant, and none afterwards until the exercise of his supposed power of sale. It is true that the will created no trust in the executor except that created by the direction to sell the real estate. A power of sale of lands given to executors by a will which expressed no object for the sale was held, where there were not sufficient personal assets to pay the debts and legacies, to be a power coupled with a trust, of which a court of equity has jurisdiction. (*Wardwell* v. *McDowell*, 31 Ill. 364.) Where full power is granted to and the duty imposed upon an executrix to sell and convey real es-

tate and distribute the proceeds to legatees a trust is created. (*Greenwood* v. *Greenwood*, 178 Ill. 387.) Since the executor is directed to sell and convey real estate and must distribute the proceeds, active duties are imposed on him and the trust is an active trust. It is true that the executor under this will does not take the legal title to the land, for his only duty is to sell the land as directed under the power given him by the will and to distribute the proceeds among the legatees. (*Emmerson* v. *Merritt*, 249 Ill. 538; *Lambert* v. *Harvey*, 100 id. 338.) However, this is immaterial, because, as was said in *Ebey* v. *Adams*, 135 Ill. 80, quoting from *Baker* v. *Copenbarger, supra:* " 'The legal title to the land is held in trust for the purposes specified in the will, whether the title is left by the will to descend to the heir by operation of law or by the will it is vested in a trustee.' * * * In either event the title would be divested upon the execution of the power of sale." The conversion takes effect at the death of the testator; the gift to his children is a bequest of money; they have no interest in the land, and therefore no title upon which they can maintain a bill for partition. In a similar case it was said that a good reason for sustaining the demurrer and dismissing the bill was that the beneficiaries under the will took the property not as real estate but as personal property. (*Burbach* v. *Burbach*, 217 Ill. 547.) In this case, as in that, it was not left to the discretion of the executor to sell or not, but it was the intention of the testator that there should be a sale of the real estate and a division of the proceeds, which would be personal property and not a proper subject for a bill for partition.

The appellant contends that the legal title descended to the testator's heirs and that the right to partition is an absolute right. A co-tenant has ordinarily a right to partition, but this rule is subject to an exception where co-tenants are estopped by their own agreement or partition would be in violation of a condition or restriction imposed upon the

title. The equitable conversion directed by the testator is inconsistent with the right of partition in the beneficiaries under the will. The testator has directed the sale and distribution by the executor. Partition would result either in the division of the land, in which, as land, the beneficiaries have no interest, or in its sale in a manner inconsistent with the testator's will. Therefore, the condition upon which the appellant and the other beneficiaries under the will hold the title deprives them of the right to a partition of the land. In *Fischer* v. *Butz,* 224 Ill. 379, a testator devised all the residue of his estate to his children in equal parts and authorized his executors to make partition of the estate for the purpose of its settlement. The will provided that if any child died before the death of the testator, leaving no children but leaving a husband or wife, the surviving husband or wife should receive one-third of the share of such deceased child. One of the testator's sons died during his lifetime, and after the testator's death the son's widow filed a bill for the partition of his land about three months after the will was admitted to probate. It was held that it was the intention of the testator that the power to partition his lands should be lodged in his executors,—at least for a reasonable time after his death,—and that a court of equity would not take the execution of that trust out of their hands unless they had abused it or refused for an unreasonable time to execute it themselves, and a decree dismissing the bill was affirmed. In this case the life tenant died on March 17. The bill was filed May 17,—two months later. Even if the appellant had any interest in the land which was the subject of partition, it cannot be said that a delay by the executor for two months in making a sale was so unreasonable as to authorize a court of equity to take out of his hands the execution of the power.

The appellant argues that because no time is limited within which the power of sale must be exercised it is void

as a violation of the rule against perpetuities. There is no interest under this will subject to a condition precedent. All are vested. The interest of each of the beneficiaries named in the eighth paragraph of the will vested immediately on the testator's death.

The appellant argues that even though the bill cannot be maintained as a bill for partition she is entitled to maintain it as a bill for a construction of the will. Under section 50 of the Chancery act, as amended in 1911, it is no longer necessary that there should be any trust or question of trust to authorize a court of equity to hear and determine bills to construe wills. We have held that a court of equity will not assume jurisdiction, under this amendment, to consider a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced. When the record shows that no question requiring construction exists, then the court can not acquire jurisdiction to construe a will by the allegation that there is such question. *Greenough* v. *Greenough,* 284 Ill. 416; *McCarty* v. *McCarty,* 275 id. 573; *Warren* v. *Warren,* 279 id. 217.

None of the questions sought to be raised on this record are debatable. There was clearly no devise of real estate involved. There was clearly an equitable conversion of the real estate into personalty. There was therefore no illegal restraint upon alienation. There was an active trust in the executor to sell and distribute and there was no violation of the rule against perpetuities. The court therefore properly sustained the demurrer for want of equity in the bill.

The decree will be affirmed.            *Decree affirmed.*