(No. 15826.—Decree affirmed.)

ELMER CARLBERG *et al*. Appellants, *vs*. THE STATE SAVINGS BANK AND TRUST COMPANY OF MOLINE *et al*. Appellees.

*Opinion filed April 14, 1924.*

1. WILLS—*statement of the rule against perpetuities.* Any limitation or provision the purpose or possible effect of which is to cause an estate to commence in the future is invalid if as a result thereof an estate may commence more than twenty-one years after a life or lives in being.

2. SAME—*rule against perpetuities applies only to vesting of estate.* The rule against perpetuities is concerned only with the time of the commencement or vesting of an estate and not with the duration thereof.

3. SAME—*when devise does not violate rule against perpetuities.* Where a testator has four children, all but one of whom have children of their own at the testator's death, a devise to the testator's children for their lives "and at their death to their lawful issue," or to the residuary estate in case of death without issue surviving, does not violate the rule against perpetuities, as the remainder vests at the testator's death in the living grandchildren, subject to

be divested to let in any grandchild born after the testator's death, and as to the child who had no children at the testator's death the remainder is alternate and contingent but will vest immediately upon the birth of a child or go to the residuary estate in case of death without issue.

4. SAME—*when residuary clause does not violate rule against perpetuities.* A residuary clause providing for the distribution of the residuary estate to the testator's grandchildren as they shall each arrive at the age of twenty-one years does not violate the rule against perpetuities, and the further provision that the issue, if any, of a grandchild dying before majority shall, when it reaches its majority, take the share of its parent, merely postpones the enjoyment of the estate and not its vesting.

5. SAME—*mere postponement of enjoyment of estate does not violate rule against perpetuities.* The rule against perpetuities is satisfied if the future interest must vest within the time prescribed, notwithstanding the enjoyment of the estate may be postponed.

6. SAME—*purpose of statute restraining accumulations.* It is not the purpose of the statute restraining accumulations beyond certain fixed periods that it shall defeat the intention of the testator respecting the persons entitled to his property under his will, but its purpose is to prevent indefinite accumulations of wealth by limiting the period of the accumulation, the produce beyond that limit going to the same person who would have been entitled to it if accumulation had not been directed.

7. SAME—*when equity will not construe will.* A court of equity will not assume jurisdiction to construe a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced.

8. SOLICITORS' FEES—*chancellor must determine fee of guardian ad litem.* What is a reasonable fee for the guardian *ad litem* in a suit to construe a will is a question for the chancellor to determine upon the testimony of attorneys practicing in the county, and his finding must be based on such testimony and his own knowledge of the services rendered by the guardian *ad litem* and upon what is the usual compensation for similar services.

9. SAME—*what is standard for determining fees of a guardian ad litem.* The standard for determining the amount to be allowed a guardian *ad litem* is usually the customary fee for similar services where the fee is the subject of contract between a solicitor and a client.

APPEAL from the Circuit Court of Knox county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

FLETCHER CARNEY, JAMES W. CARNEY, and SIG B. NELSON, for appellants.

R. C. RICE, guardian *ad litem,* (WALLACE THOMPSON, and ROY M. MARSH, of counsel,) for minor appellees.

J. B. & J. L. OAKLEAF, for other appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

December 14, 1921, Charles O. Carlberg died testate, leaving as his heirs-at-law three sons, Elmer, Phillip and Everett, and one daughter, Esther. He left no widow and no descendant of a deceased child. At the time of testator's death each of his four children was married and all except Elmer had living children. Testator's oldest child, Elmer, was forty-four years of age and his wife was twenty-six. Testator's youngest child, Everett, was twenty-nine years old and his wife was twenty-five. Testator's oldest grandchild was then thirteen years old and his youngest was one. By his will, dated April 23, 1921, testator made the following among other provisions:

"*Second*—I give, devise and bequeath to my two sons, Elmer Carlberg and Everett Carlberg, of Knox county, Illinois, share and share alike, the following described real estate: * * * To have and to hold the same for and during their natural lives and at their death to their lawful issue, share and share alike, the children of a deceased parent taking *per stirpes,* and subject to a life estate in favor of their respective mothers, said life estate to exist so long as their said mother or mothers do not re-marry, but upon their re-marriage their said interest in said real estate shall at once terminate and shall revert to and become a part of my residuary estate. And in case either or both of my said sons should die without leaving issue or descendants of any

child or children, then my said son's or sons' share shall revert to and become a part of my residuary estate, as hereinafter provided for, except the widow or widows of my said son or sons shall have a life estate in said real estate so long as they shall be the widow or widows of my said son or sons and shall not re-marry, but if they should re-marry, their interest in said real estate shall revert to and become a part of my residuary estate.

"*Third*—I give, devise and bequeath to my son Phillip Carlberg, of Knox county, Illinois, the following described real estate: * * * To have and to hold the same for and during the term of his natural life and at his death to his lawful issue, share and share alike, if he be then deceased at my death, his heirs to take *per stirpes,* subject, however, to a life estate in favor of their mother; and in case my said son Phillip should die without leaving any child or children or the descendants of any child or children, then the real estate described in this clause of my last will and testament shall revert to and become a part of my residuary estate hereinafter provided for, subject, however, to a life estate in his widow so long as she remains his widow and does not re-marry, but immediately upon her re-marriage, if she should re-marry, her interest in said real estate shall terminate and shall revert to and become a part of my residuary estate hereinafter provided for.

"*Fourth*—I give, devise and bequeath to my daughter, Esther Carlberg Nelson, wife of Fred Nelson, of Marshall county, Illinois, the following described real estate: * * * To have and to hold the same for and during her natural life and at her death to her lawful issue, said issue to take *per stirpes,* subject, however, to a life estate in favor of their father; but should my said daughter die leaving no child or children or the descendants of any child or children, the said real estate in this clause of my will described shall revert to and become a part of my residuary estate hereinafter provided for, subject, however, to a life estate of the

husband of my said daughter so long as he does not re-marry, but if he should re-marry, his interest in said property shall at once terminate and said real estate shall revert to and become a part of my residuary estate, as hereinafter provided for."

By a codicil dated June 15, 1921, testator revoked the fifth clause of his will and in lieu thereof made the following provision:

"All the rest, residue and remainder of my estate, wheresoever it may be situate, consisting of money, bank deposits, notes, stocks, bonds, choses in action, and all other personal property, and all real estate, wheresoever same may be situate, * * * I give, devise and bequeath the same to the State Savings Bank and Trust Company, * * * or its successors in trust, for the following uses and purposes, to-wit: That as soon after my death as shall be considered expedient by said State Savings Bank and Trust Company said residue shall be converted into money, * * * and when all of said residue is converted into cash, then my said trustee shall pay to [here follow three bequests to charities.] The balance of said residue shall be kept by my said trustee and paid in equal amounts to my grandchildren as they shall from time to time become of age. Such interest shall not vest in any of my said grandchildren until they arrive at the age of their majority, and should any of my grandchildren die leaving issue, then such issue shall take the part the parent would have taken if living, and to be paid to such issue as they shall arrive at the age of their majority, respectively. The said amount which shall come into the hands of said trustee shall be either kept on deposit, drawing semi-annual savings bank interest, or invested in first mortgages, and the interest on same shall be added to the principal and shall become a part of my said residuary estate. The share to be paid to my grandchildren as such grandchildren shall arrive at the age of their majority shall

be their proportionate share then in the hands of my said trustee down to and including the last payment to be made under this my said codicil."

Appellants, the children of testator, filed their bill in the circuit court of Knox county, alleging that the will, in so far as it provides for life estates in favor of the mothers of testator's grandchildren, and in so far as it provides for the vesting of the fee in testator's grandchildren and their descendants, violates the rule against perpetuities and is void. Appellants pray for a decree construing the will and vesting the fee in them free from the burdens of the estates which the will purports to create in favor of the descendants and the surviving spouses of the appellants. A guardian *ad litem* was appointed for the minor defendants. The chancellor sustained a general demurrer and dismissed the bill for want of equity. This appeal followed.

In drafting the will the scrivener used much unnecessary language, and for that reason the testator's intention is awkwardly expressed. We do not, however, have any difficulty in determining from the language used, the intention of the testator. Reading the various provisions of the will in the light of each other, it is clear that the testator intended that his children should enjoy the income from the lands devised in clauses 2, 3 and 4, and that his grandchildren should at the death of their parents enter into the full enjoyment of the lands devised to his children, the residue of his estate to vest in the grandchildren as they reached majority. While contingencies may arise which will cause confusion with respect to the life estates created in favor of the mothers of testator's grandchildren born to his sons and the father of testator's grandchildren born to his daughter, and the surviving spouses of testator's children, different language being employed in each clause to express the same thought, this possibility of confusion does not in any way affect the life estate in testator's children or the estate in fee in testator's grandchildren. It is possible that one of

testator's sons might marry a woman born after testator died and that she might bear children who would share testator's estate with the grandchildren living at the time of testator's death.   This, however, would not in any way affect the validity of the will, because all the conditions to which the interests of the grandchildren are subject must of necessity be fulfilled within twenty-one years after a life in being at the creation of the interest.   The rule against perpetuities as applied to interests in lands may be stated as follows:   Any limitation or provision the purpose or possible effect of which is to cause an estate to commence in the future is invalid if as a result thereof an estate may commence more than twenty-one years after a life or lives in being.   (1 Tiffany on Real Property,—2d ed.—sec. 179.) The rule is concerned only with the time of commencement, the vesting of estates, and not with the duration thereof.   The life or lives of some person or persons in being, with twenty-one years added, is taken as a measure of time for the application of the rule.   In this case the lives taken as the measure of time are the lives of testator's children.   Under no circumstances is it possible for conditions to arise which will postpone the vesting of the several estates named in clauses 2, 3 and 4 twenty-one years beyond the life of the survivor of testator's children.   The remainder in fee in the lands devised to Everett, Phillip and Esther vested immediately on the death of the testator in their children, respectively, subject to being opened to let in after-born children and subject to being divested in the event of a child's death without leaving living descendants before the termination of the life estate created in the parent.   The remainder in fee in the lands devised to Elmer is an alternate contingent remainder, which will vest immediately upon the birth of a child if one is born to him, and which, in the event of his death without living descendants, will pass to the trustee and vest in his nephews and nieces under the residuary clause.   In either event the re-

mainder in fee will vest within the rule, because, as we shall hereafter see, the persons who are to take under the residuary clause are bound to take within twenty-one years after the termination of the life of the last survivor of testator's children, which is a life in being.

There is no limitation or provision in the residuary clause which can possibly cause the postponement of the commencement of an estate more than twenty-one years after a life or lives in being. As the youngest grandchild must be in being (considering a child *in ventre sa mere* in being) in the lifetime of its parent, the provision that the estate is to vest as each grandchild arrives at the age of twenty-one years must necessarily take effect as to every grandchild within a life or lives in being and twenty-one years afterwards. There is one exception in the residuary clause to the postponement for twenty-one years of the vesting of the share in a grandchild, and that exception is where the grandchild dies before it arrives at the age of twenty-one years and leaves living issue, in which event the share immediately vests in the descendants of the grandchild, although the enjoyment of the share is postponed until the descendants respectively arrive at their majority. The rule against perpetuities is satisfied if the future interest must vest within the time prescribed, notwithstanding the enjoyment of the estate may be postponed. (Kales on Future Interests,—2d ed.—sec. 654.)

It is also contended that the provisions of the codicil directing the trustee to accumulate the income and to withhold payments to after-born grandchildren, and to the issue of a grandchild dying before majority, until the period of their respective majorities, violates the act restraining accumulations beyond certain fixed periods. (Laws of 1907, p. 1.) Whether this is true or not, it would not affect the validity of the will or codicil. It is not the purpose of the statute to defeat the intention of the testator respecting

the persons entitled to his property under his will, but its purpose is limited to preventing indefinite accumulations of wealth. It limits the period of accumulation, and the produce beyond that limit goes to the same person who would have been entitled to it if accumulation had not been directed. *French* v. *Calkins,* 252 Ill. 243; *Kolb* v. *Landes,* 277 id. 440.

Appellants contend that they were entitled to a decree construing the will notwithstanding the construction might be different from that claimed by them. We have held repeatedly that a court of equity will not assume jurisdiction to construe a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced. (*Buckner* v. *Carr,* 302 Ill. 378; *Greenough* v. *Greenough,* 284 id. 416; *McCarty* v. *McCarty,* 275 id. 573.) The principles of law governing the estates created by this will and codicil are thoroughly established, and when these principles are understood and applied no question of construction remains for the courts.

The chancellor allowed a fee of $1500 as proper compensation for the guardian *ad litem,* and appellants contend that if the questions at issue were so plain that the court could not take jurisdiction to construe the will, then it was unnecessary for the guardian *ad litem* to spend sufficient time in defending his wards' interests to justify so large a fee. Section 6 of the Chancery act provides that a guardian *ad litem* shall be allowed a reasonable sum for his services. What is such reasonable sum is a question for the chancellor in the first instance. The standard for determining the amount to be allowed is usually the customary fee for similar services where the fee is the subject of contract between a solicitor and a client. The chancellor should hear testimony of attorneys practicing in the county, and must base his finding on the testimony of such attorneys and his own knowledge of the services rendered by the guardian *ad litem* and what is the usual compensation for similar services.

(*Wright* v. *Upson,* 303 Ill. 120.) While the provisions of this will are not uncertain after an attorney has familiarized himself with the law, everyone familiar with the practice of law understands that an attorney must investigate the authorities before he can properly represent his client in a case of this character. The interests of the minor appellees in this case were worth between $75,000 and $100,000, and the questions presented were such that an attorney might reasonably occupy two weeks of time in preparing and presenting the case to the circuit court and an additional week in preparing and presenting the case to this court. Taking into consideration the amount involved and the time necessary for proper preparation, and in the absence of evidence to the contrary, we cannot say that there was such an abuse of the chancellor's discretion in fixing the fee for the guardian *ad litem* as to justify our reversing the decree.

The decree is affirmed.          *Decree affirmed.*