## Charles Starck, Appellant, v. Anna Goodman et al., Appellees.

### Gen. No. 38,850.

Opinion filed January 27, 1937. Rehearing denied February 16, 1937.

RALPH H. PLATT and CHARLES G. PALMER, both of Chicago, for appellant; CLYDE C. FISHER, of Chicago, of counsel.

BRYANT, ROBERTS, HWASS & COLWELL, of Chicago, for William L. O'Connell, Receiver of Forest Park Trust & Sav. Bank; H. IRVING RIPSTRA, of Chicago, of counsel.

LOUIS N. BLUMENTHAL and EDWARD M. PLATT, both of Chicago, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action comes here on appeal by the plaintiff from a decree dismissing plaintiff's bill of complaint for want of equity. The proceeding instituted by the plaintiff was to foreclose the lien of a trust deed upon the property therein described securing the payment of a principal promissory note for the sum of $8,000. The note and trust deed was executed by Anna Goodman, a defendant in the proceeding. Anna Goodman was named a testamentary trustee by the terms of the last will and testament of Max Goodman, deceased.

Anna Goodman, at the time of the execution of the trust deed was indebted to the Forest Park Trust & Savings Bank, the grantee named in the trust deed as trustee, in the sum of $2,900, this amount being the personal indebtedness of Anna Goodman. The note and trust deed were sold by the bank to the plaintiff, and out of the proceeds from the sale the personal obligation was paid, and the balance credited to Anna Goodman's account in this bank.

Certain of the defendants were served by publication and thereafter defaulted.

Upon reference a hearing was had before a master in chancery of the superior court of Cook county, and a decree was entered by the court for the amount due be-

cause of failure of the defendants or one of them to pay.

The decree provides that a sale may be had and that the described real estate be sold according to the terms of the decree.

Subsequent to the entry of the decree of sale, Pearl Clair and Frances Platt, by consent of the court, filed their intervening petition, which was later amended. The petitioners prayed that they be given leave to file their appearance; that the decree of sale be vacated and that their interest in the real estate be held prior and superior to the rights of the plaintiff, who together with the Forest Park Trust & Savings Bank, is a defendant to the intervening petition. The plaintiff in this action is the holder and owner of the note secured by the trust deed in question. The defendant bank is the owner and holder of the note secured by a second mortgage upon the same real estate and signed by Anna Goodman, as trustee.

At a later date, in the foreclosure proceeding, Samuel Goodman, Jacob Goodman, Albert Goodman, Kate Goodman Cohen, Ida Goodman Reif and Margaret Goodman, also filed an intervening petition, praying for the same relief as that asked for by the original interveners.

To the intervening petitions answers were filed. The petitions were referred to a master in chancery of the court to take testimony and to report the same to the court, together with his conclusions of law and fact. After hearing the evidence submitted, the master filed a report recommending that the intervening petitions be dismissed by the court.

The plaintiff and the intervening petitioners filed objections to the master's report, which were overruled by the master. The several objections filed were considered by the court as exceptions, and upon consideration the court sustained the exceptions of the interven-

ing petitioners and overruled the objections of the plaintiff.

On February 18, 1936, a decree was entered by the court granting the relief prayed for by the intervening petitioners and finding that their interest in the real estate was superior to the rights of the plaintiff and the defendant, receiver, and dismissing the bill of complaint for want of equity. The note and trust deed in question were sold by the bank to the plaintiff before maturity and for a consideration.

The material portions of the last will and testament of Max Goodman, now deceased and who in his lifetime was the husband of Anna Goodman, are as follows:

"THIRD: I devise and bequeath all my estate and effects whatsoever and wheresoever, both real and personal, to which I may be entitled, or which I may have power to dispose of at my decease, unto my dear wife, Anna Goodman, in trust for the following uses and purposes:

"(a) To have absolute and unconditional control and management of all my property, at her best discretion to rent, lease, mortgage or sell any of the real estate and invest and re-invest the proceeds of any sale of real estate and to sell any of the personal property and to invest and re-invest the proceeds of any sale of the personal property.

"(b) I hereby direct my beloved wife, Anna Goodman, to hold in trust either in cash, or in property, as she may see fit during her lifetime, the following sums out of my estate, to be paid to my beloved children at her decease by her successor in trust, as set forth in the list headed 'Bequest to My Beloved Children as Follows.' However, it is my desire and I so direct, that all of the income of the following bequests to my beloved children during the lifetime of my beloved wife, Anna Goodman, go to my wife, Anna Goodman, to be held,

and to be used as she may see fit for her own comfort, use and benefit.

"BEQUESTS TO MY BELOVED CHILDREN AS FOLLOWS:

To my beloved son Samuel.................$5,000.00
To my beloved son Jacob..................$5,000.00
To my beloved son Albert.................$5,000.00
To my beloved daughter Fannie Platt......$3,000.00
To my beloved daughter Pearl Clare.......$3,000.00
To my beloved daughter Kate..............$5,000.00
To my beloved daughter Ida...............$5,000.00
To my beloved daughter Margaret..........$5,000.00

"SEVENTH: I hereby direct that Maurice P. Golden, the successor as Executor and trustee of my dear beloved wife, Anna Goodman, to immediately upon the decease of my beloved wife, or as soon as conveniently may be thereafter, to call in and convert all of the property held by my beloved wife, Anna Goodman, in trust for my beloved children, into cash, and to distribute the same unto my various children, . . .

"EIGHTH: It is my desire, and I therefore direct and empower my beloved wife, Anna Goodman, to use her discretion in the manner in which to hold the sums provided for my beloved children in trust, and she may hold the same in real property or personal property, or in any other manner at her best discretion."

The plaintiff submits that under the terms of the will Anna Goodman, as trustee, took the fee simple title to the real estate owned by the deceased in his lifetime. In support of this position plaintiff relies upon the case of *Olcott v. Tope,* 213 Ill. 124, and cites excerpts from this opinion, where the court said:

"The estate of a trustee in real estate is commensurate with the powers conferred by the trust and the purposes to be effected by it. 'If a trustee is required

to grant a fee, the fee must be conferred upon him.' (*Lawrence v. Lawrence,* 181 Ill. 248–251; *Lash v. Lash,* 209 Ill. 595–605.) In *Kirkland v. Cox,* 94 Ill. 400–412, it is said, quoting from Perry on Trusts, sec. 305: 'If the trustee is to exercise any discretion in the management of the estate, in the investment of the proceeds or the principal or in the application of the income, or if the purpose of the trust is to protect the estate for a given time, or until the death of someone, or until division,' 'the operation of the Statute of Uses is excluded and the trusts or uses remain mere equitable estates.' . . . ''

Construing the will and taking into consideration all the provisions upon which this question has any bearing, it is apparent that the intent of the testator was to give Anna Goodman, as trustee, authority to rent, lease, mortgage or sell any of the property of the testator, and in order to execute a mortgage it was necessary that she acquire the fee simple title to the real estate under the terms of the will. Execution of the trust deed by Anna Goodman was as trustee, which appears from the document itself, and although no mention is made therein that she signed as trustee, it appears that it was executed by her as trustee under the last will and testament of Max Goodman, deceased, and that she appeared before a notary public and acknowledged that she executed the deed individually and as trustee under the last will and testament of Max Goodman, deceased. It is apparent from the trust deed that the money to be received should be for the benefit of the trust estate.

The plaintiff contends that the record is silent as to whether the bank, the assignor of the note, knew that Anna Goodman was a trustee under her husband's will, and as such held title to the property in question. The fact is, however, that the trust deed as drawn was prepared by the bank, and it was at the solicitation of the

officials of the bank that Anna Goodman executed the trust deed so as to receive payment of money which was to be used by the bank in paying a personal loan due it from the trustee. The amount deducted was $2,900, which was more than one-third of the principal sum secured by the trust deed, and, as we have indicated in this opinion, the balance was credited to Anna Goodman's account to be used for her personal needs.

In our opinion, the bank at the time of the preparation and signing of the trust deed and the execution of the note, knew that Anna Goodman was acting as a trustee under the terms of her late husband's will, so they had knowledge of the purposes for which this money was obtained. The plaintiff suggests that he, in any event, was dealing with two fiduciaries within the meaning of the statute, (ch. 140a, sec. 2, Ill. Bar St. 1935; Jones Ill. Stats. Ann. 135.07)—the bank as trustee under the trust deed, and the mortgagor as trustee under a will, so that when the plaintiff paid his money in good faith he was not required to see to the application of the purchase money, yet was protected against latent equities of third persons of whose rights he could know nothing. This contention of the plaintiff is subject to the rule that a purchaser of a trust deed or mortgage takes it subject to all the infirmities to which it is liable in the hands of the mortgagee and the parties in interest, and the reason for the application of the rule is clearly stated in the case of *King v. Harpster*, 306 Ill. 202, where the court said: "The doctrine of an innocent purchaser for value, which applies to commercial paper, has no application to a mortgage. The assignee of a mortgage takes it subject to the same equities it was subject to in the hands of the assignor. The assignee of a mortgage knows that it is not assignable at common law but only in equity and that he takes it subject to all equities existing in favor of the mortgagor. It is therefore the duty of the assignee to in-

quire of the mortgagor if there is any reason why it should not be paid. (*Olds v. Cummings,* 31 Ill. 188; *Silverman v. Bullock,* 98 id. 11; *Himrod v. Gilman,* 147 id. 293;*Buehler v. McCormick,* 169 id. 269; *Peacock v. Phillips,* 247 id. 467.) The right to recover on the note against its makers in a court of law is not involved in this case, which is concerned only with the lien of the trust deed on the land.''

The court also stated in the case of *Romberg v. McCormick,* 194 Ill. 205, as follows: ''The assignment of the note by the bank to the appellant invested her with the security of the mortgage as an equitable incident to the debt evidenced by the note. The mortgage is not an assignable instrument, but the appellant, as the assignee of the note, by the operation of equitable principles became invested with an equitable right to the benefit of the lien of the mortgage for the security of the note. Her right to the security was equitable, and subject to all of the affirmities to which it was liable in the hands of the bank. *Olds v. Cummings,* 31 Ill. 188; *Walker v. Dement, supra* (42 Ill. 272); *Bryant v. Vix,* 83 Ill. 11; *Sanford v. Kane,* 133 id. 199.''

In seeking relief, the plaintiff in this foreclosure litigation has submitted his cause for relief upon the ground of the equitable principles that apply in proceedings of this character, and under the well established rule, the plaintiff derives no better title than his assignor, the bank, had when it assigned the notes and delivered the trust deed to the plaintiff. In paying the indebtedness due it from Anna Goodman, the assignor had knowledge that the money was derived from the real estate owned by the late Max Goodman, and that Anna Goodman could in only one way execute a trust deed to secure the payment of such indebtedness, and that was as trustee under the last will and testament of her late husband, Max Goodman. The bank also had knowledge, when deducting the $2,900 due it from Anna Goodman upon a personal loan, that the money was

for the purpose of the trust, as declared by the will, and not for the purpose of satisfying the claim of the bank. Therefore, when the bank transferred this note secured by the trust deed, the plaintiff acquired title from the bank, subject to the existing equities. The equities of the intervening petitioners were of public record. The trust deed itself, which the plaintiff acquired and seeks to have foreclosed, recites that Anna Goodman executed the same individually and as trustee under the last will and testament of Max Goodman, deceased. This gave notice to the plaintiff that the property therein conveyed by Anna Goodman was held by her as trustee. The plaintiff appreciated the importance of naming proper parties defendant to the foreclosure suit when he made Anna Goodman and the beneficiaries under the last will and testament of Max Goodman, deceased, defendants in the case, which fact does not tend to bear out the assertion that he had want of knowledge of the purpose for which the deed was executed.

The receiver for the Forest Park Trust & Savings Bank contends that the interveners have no interest in the real estate in question, and the ground upon which they base their contention is that the bequests to the children named in the last will and testament were cash and not real estate, and that the children have no interest whatsoever in the property, even if the particular piece involved in this litigation had been selected as a part of the trust estate; that there was here an equitable conversion of the real estate into personal property at the time of the testator's death. In support of this contention the case of *Ebey v. Adams*, 135 Ill. 80, is cited, where the language is somewhat similar to that in the instant case, and may be applied in construing the will before us. The language referred to is, ''upon the death or remarriage of my wife it is my will that all my estate, real and personal, shall be sold, and

from the proceeds pay certain devises.'' The court then uses the following language:

''There was here no devise of the land, or of any interest in land, either to the children or grandchildren of the testator. Land devised to be sold, and the proceeds distributed, is a devise of the proceeds and not of the land. . . . The general principle applicable to the execution of trusts of this character is, that the trustee will take 'exactly that quantity of interest which the purposes of the trust require.' If the fee is required, the fee will be taken; if a less estate will suffice, a less estate, only, will be vested.''

The Supreme Court in the case entitled *Buckner v. Carr*, 302 Ill. 378, after referring to the case of *Ebey v. Adams*, 135 Ill. 80, said: ''The conversion takes effect at the death of the testator; the gift to his children is a bequest of money; they have no interest in the land, and therefore no title upon which they can maintain a bill for partition. In a similar case it was said that a good reason for sustaining the demurrer and dismissing the bill was that the beneficiaries under the will took the property not as real estate but as personal property. . . . In this case, as in that, it was not left to the discretion of the executor to sell or not, but it was the intention of the testator that there should be a sale of the real estate and a division of the proceeds, which would be personal property and not a proper subject for a bill for partition.''

From an examination of these cases which have been called to our attention, we find that the case of *Ebey v. Adams*, 135 Ill. 80, was a case pending in the courts for the purpose of having the proper construction applied to the terms of the last will and testament, the subject of the litigation, and not a case wherein the property of the trust was converted or dissipated and the proceeds used for purposes other than those provided for in the trust.

*Buckner v. Carr, supra,* was a case wherein the court construed the will and determined whether there was a violation of the rule against perpetuities. This would be pertinent upon the question of the construction of the terms of the will, but then the question arises, as we have stated before, whether the *res* of the estate was being dissipated.

The beneficiaries were made parties, as well as the trustee, and in our opinion they were necessary parties because the property of the estate was involved in the foreclosure proceeding and they had an interest, which necessitated their being made parties to the suit.

In Jones on Mortgages, Third Vol., sec. 1832, the author there makes this pertinent statement:

"Any person having such an interest in the mortgaged premises, or the debt secured, that his rights might be affected or prejudiced by a decree in his absence, may generally intervene on his own petition."

The intervening petitioners were defaulted and upon a motion this default was set aside and they were permitted to file their intervening petition, and are properly before the court.

It is well to remember that Anna Goodman, the trustee, executed the trust deed securing the loan for $8,000. One of the defendants, the Forest Park Trust & Savings Bank, induced the trustee to make this loan, and in doing so the bank deducted $2,900, the amount due to the bank from Anna Goodman on a personal loan, in payment of this account. At the time this was done, the bank knew that Anna Goodman was appointed under the last will and testament of Max Goodman, as trustee, to carry out the provisions of this document, and so it was properly charged with accepting this money, which was a violation of the provisions of the last will and testament. The will did empower Anna Goodman, as trustee, to execute mortgages for the purposes of the trust. The bank being charged

with notice of the conditions above stated, the plaintiff in this case is subject to the defense of waste of the trust property, which, in our opinion would be sufficient to permit the intervening petitioners, who have a direct interest in the outcome of this litigation, to be made defendants and offer a defense of the character indicated.

Another point is raised in this litigation, and that is as to the plea of release of errors filed by Pearl Clair, Frances Platt, Samuel Goodman, Jacob Goodman, Albert Goodman, Kate Goodman Cohen, Ida Goodman Reif and Margaret Goodman, the intervening petitioners in this proceeding. In support of this plea they allege that the plaintiff Charles Starck and William L. O'Connell, as receiver of the Forest Park Trust & Savings Bank ought not to have and maintain their aforesaid appeal, for the reason that after the filing of the decree in the instant case the plaintiff, Charles Starck, seeks to review the record as to the rights, title and interest of the defendants in the above entitled cause.

Subsequent to the rendition of the decree entered in the superior court of Cook county defendants allege that plaintiff Starck seeks to enforce the decree, and otherwise claims and accepts the full rights and benefits of the same; that by his action in the circuit court of Cook county entitled, "People of the State of Illinois ex rel. Oscar Nelson, Auditor of the State of Illinois v. Forest Park Trust & Savings Bank, Case No. B–23546," asserts that the decree is valid and final, and thereby confirms the same, and that plaintiff is estopped because of said conduct to have the decree reviewed, and that he has expressly and impliedly abandoned, waived and released any and all right of appeal therefrom.

Without going into the merits to the extent requested, we wish to say that the plaintiff Starck had the right to exercise any remedies provided by law,

but can have but one satisfaction. While it is true that he has appealed in the instant case and it now appears from the plea of release of errors that he seeks to exercise the right as a petitioner in the circuit court of Cook county to recover as against the bank the amount of $8,000, which was loaned to Anna Goodman, as trustee, still it does not appear that there has been any satisfaction of the decree now pending in this court, and for the reasons stated the plea of release of errors is dismissed.

For the reasons stated in our opinion, the court's decree dismissing the bill for want of equity will be affirmed, and this will include the order appealed from by the plaintiff dated March 2, 1936, wherein the receiver in the foreclosure suit is directed to deliver to Anna Goodman, as trustee, the sum of $500.94, and he is also directed to assign all insurance policies and accounts receivable to her, whereupon he will be discharged.

The principal complaint made by the plaintiff in regard to this order is that the money is to be paid to Anna Goodman, trustee, about whose acts interveners had complained, and which is the subject of this controversy. This is so, but the plaintiff has pointed out in his brief that she acted within the authority given her by the last will and testament of her husband and that she thereby acted properly. As we have indicated, we have determined the question of the propriety of her actions, and this in itself is not an action to remove the trustee from her position, but is a foreclosure maintained by the plaintiff to foreclose the equity of redemption.

We believe that the court was right when he entered the order as he did.

It appears of record in this court that the death of William L. O'Connell, receiver, who died on July 24, 1936, was suggested. The record, together with the

briefs, was filed on April 15, 1936, and the cause was at issue and taken by the court on May 7, 1936. It is the order of this court for the reasons stated, and under the authority of the *Citizens Securities Company v. Dennis,* 236 Ill. App. 307, and the authorities therein cited, that an order be entered herein *nunc pro tunc* as of May 8, 1936, affirming the decree and the order of March 2, 1936, entered in the superior court of Cook county.

*Decree and the order of March 2, 1936, affirmed.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.